DECISION AND JUDGMENT ENTRY
This matter is before the court on the application of appellant, Gregory P. Waite, to reopen his appeal[1] pursuant to App.R. 26(B), filed September 27, 2005.
Appellant was charged with rape, R.C. 2907.02(A)(2), and kidnapping, R.C. 2905.01(A)(2), both first degree felonies, and abduction, R.C.2905.02(A)(2), and intimidation, R.C. 2921.04(B), both third degree felonies. The charges were tried to a jury. Before the jury could return a verdict, however, appellant withdrew his plea of not guilty and pursuant to a plea agreement, appellant entered pleas of no contest to aggravated assault, R.C. 2903.12(A)(1) and attempted abduction, R.C.2923.02, both fourth degree felonies. Appellant was thereafter sentenced to 18 months for each count, the sentences to run consecutively, for a total term of 36 months incarceration. On appeal, appellant raised the sole issue of whether his right to a speedy trial was violated; we affirmed the trial court's decision that appellant's speedy trial rights had not been violated. State v. Waite, 6th Dist. No. OT-04-051,2005-Ohio-4440. Appellant, now acting pro se, asserts that he was denied effective assistance of appellate counsel.
Pursuant to App.R. 26(B)(2)(c), appellants seeking to reopen an appeal due to ineffective assistance of appellate counsel are required to set forth "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation * * *." An application shall be granted if there exists "a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
An appellant bears the burden of establishing a "`genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey (1998), 84 Ohio St.3d 24, 25. Appellant must show that his appellate counsel's representation "fell below an objective standard of reasonableness." Strickland v. Washington (1984), 466 U.S. 668,688. In addition, the appellant "must show that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Applying these two prongs, we conclude that appellant raises a genuine issue of ineffective assistance of appellant counsel.
Appellant offers several reasons in support of his contention that he was denied the effective assistance of appellate counsel. The state has not responded or opposed appellant's application. We find merit in his contention that he was deprived of effective assistance of counsel due to his counsel's failure to raise error regarding appellant's sentence.
R.C. 2953.08(A)(1) grants defendants convicted of a felony offense the right to appeal when the sentence "consisted of or included the maximum prison term allowed for the offense * * *" and the sentence "was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree." R.C. 2953.08(A)(1)(b). As appellant was sentenced to two maximum sentences for his convictions, he had an appeal as of statutory right regarding them.
R.C. 2953.08(C) also grants defendants the right to appeal based on the imposition of consecutive sentences if the total term of incarceration exceeds the maximum term allowed for the most serious offense of which the defendant was convicted. As appellant's total term of incarceration was 36 months, and the maximum term allowed for a fourth degree felony is 18 months, appellant's counsel could have raised error regarding the consecutive sentence as well.
Since the Ohio Supreme Court decided State v. Comer (2003),99 Ohio St.3d 463, trial courts intending to impose maximum or consecutive sentences must state the necessary statutory factors required by R.C. 2929.14(C) and 2929.14(E)(4) at the sentencing hearing. Appellants are responsible for producing and filing those parts of the record necessary for the determination of an appeal. App.R. 9(B); Statev. Carpenter, 6th Dist. No. E-00-033, 2002-Ohio-4824, at ¶ 6, appeal not allowed by State v. Carpenter, 96 Ohio St.3d 1513. A transcript of the sentencing hearing is crucial to determine whether the trial court may have erred in its imposition of maximum and consecutive sentences; the journal entry of sentencing is alone insufficient. State v. Carpenter,
supra, insofar as it states that the validity of a maximum or consecutive sentence may be ascertained from the sentencing journal entry, has been overruled by Comer's rule that trial courts must "make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer (2003), 99 Ohio St.3d 463, 468.
Appellant's counsel failed to raise error regarding the imposition of maximum, consecutive sentences. Furthermore, we could not have examined, nor can we now examine, whether the failure to raise such an issue constituted deficient performance because appellant's counsel's failure to make the sentencing hearing transcript part of the record on appeal precluded our review of appellant's sentences pursuant to Comer. Accord,State v. Reid (Sept. 26, 2001), 9th Dist. No. 20075 (appeal reopened based upon appellant's claim of ineffective assistance of counsel for failure to have a transcript of his sentencing hearing transmitted to the appellate court).
We therefore conclude, pursuant to Strickland v. Washington, supra, appellant has raised a genuine issue as to whether he was denied effective assistance of counsel on appeal.
On consideration whereof, we grant appellant's motion to reopen his appeal pursuant to App.R. 26(B)(5). Because appellant is indigent and is not represented by counsel, we appoint Thomas M. Dusza, 725 Sycamore Line, Sandusky, Ohio, 44870, to represent appellant in his reopened appeal and file assignments of error regarding appellant's sentence on his behalf. App.R. 26(B)(6)(a).
The clerk of the court of appeals is ordered to refile the record within 20 days of the date of this decision and judgment entry, and appellant is granted leave to file his assignments of error and brief 30 days after the filing of the record. It is so ordered.
APPEAL REOPENED.
Handwork, J. Skow, J. Parish, J. concur.
[1] Although captioned a "motion for reconsideration," appellant's motion is properly considered as a "motion to reopen appeal" due to the issue of ineffective assistance of appellate counsel. App.R.26(B).