### State v. Long
*[Cite as 8 AOA 50]*

*Case No. 90-CA-3*
*Miami County, (2nd)*
*Decided December 28, 1991*

*Michael W. Hemm, Municipal Court Prosecutor, 429 S. Main Street, Piqua, Ohio 45356, Attorney for Plaintiff-Appellee.*

*John E. Hemm, Office of Public Defender, Miami County Courthouse, Troy, Ohio 45373, Attorney for Defendant-Appellant.*

GRADY, J.

Defendant-Appellant was arrested and charged on May 21, 1989, with a violation of R.C. 4511.19(A) (1), driving while under the influence of alcohol or drugs. The form of complaint filed by the arresting officer did not allege a prior offense, and the computer printout of Long's driving offense record failed to reveal a prior DUI arrest or offense. Long entered a plea of not guilty.

On June 7, 1989, in the course of a pretrial conference, Long requested that she be considered for admission to the Miami County Diversion Program. She was ordered referred for consideration that date. On November 27, 1989, the court's Acting Chief Probation Officer recommended that diversion be denied, stating as his reason: "Defendant has already been in the diversion program in 1988." On November 29, 1989, the court entered an order denying diversion and setting the matter for further pretrial conference.

On December 4, 1989, Long filed a motion to dismiss for lack of a speedy trial. The motion was based on R.C. 2945.71(B) (2) which provides that a person charged with a misdemeanor of the first or second degree shall be brought to trial within ninety days after arrest. More than ninety days had then passed since Long was charged. The court heard the motion on December 20, 1989, and denied it that date. No reason was stated on the court's journal.

On January 10, 1990, Long changed her plea from *not guilty* to *no contest.* She was found guilty and sentenced to six months in jail, all but three days of which were suspended. Long was permitted to serve the three days in a qualified intervention program. She was placed on probation for two years and ordered to pay a fine of $400 and court costs. On January 12, 1990, Long filed her notice of appeal.

Long presents a single assignment of error, stating:

"THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO DISMISS, SUCH MOTION BEING PROPERLY BASED ON THE VIOLATION OF THE DEFENDANT'S RIGHT TO A SPEEDY TRIAL PURSUANT TO OHIO REVISED CODE SECTION 2945.71 ET SEQ."

An accused who is not brought to trial within the time limits set out in R.C. 2945.71 is entitled to be discharged upon motion so stating made at or prior to the commencement of trial, pursuant to R.C. 2945.73(B). However, the time limits may be extended upon a finding by the court of any of the grounds provided in R.C. 2945.72.

At the time Appellant's motion was made on December 4, 1989, more than ninety days had passed from the time she was charged on May 21, 1989. She was entitled to discharge unless the court properly found a ground to toll the ninety day term.

It is clear from the record that the sole basis before the court for extension was Appellant's consideration for diversion, which ran from June 7, to November 29, 1989. R.C. 2945.72(E) provides for extension by "any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused". The term of consideration was brought about by Long's own motion. However, it is not clear whether the period of time consumed was "necessitated by" the motion or the court's resultant order, as required by the statute.

Whether the particular length of any term of delay is necessary to achieve its purposes is a question of fact. In this case Long was ultimately denied diversion because she had been in the program the year prior. Qualified diversion programs are required to maintain client logs by dates of referral, attendance and discharge. O.A.C. 3701-54-03(I)(1). That information is readily available to the court's own probation department, and a delay of almost six months in obtaining it might be found to be unnecessary delay for purposes of R.C. 2945.72(E). However, other factors, such as reliance on driving records, change of personnel under certain circumstances, or other like causes, may cause a court to find that the delay was necessary and the speedy trial requirements tolled thereby. The facts on which the court relied in finding otherwise are not apparent in the record.

Crim.R 12(E) requires that for motions made prior to trial, "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record". Factual issues are involved here, and we are unable to review the error alleged absent the trial court's recitation of its findings concerning them in relation to R.C. 2945.71, 2945.72, and 2945.73.

We hold that the trial court erred in denying Long's motion for discharge without making findings of fact concerning the necessity of the delay resulting from her own motion for diversion and her consideration for the diversion program. The conviction is vacated and the matter is

remanded to the trial court for further proceedings consistent with this opinion.

BROGAN, J., and FAIN, J., concur.