**The STATE of Ohio, Appellee,**

**v.**

**SANCHEZ, Appellant.**

[Cite as *State v. Sanchez,* 162 Ohio App.3d 113, 2005-Ohio-2093.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–04–1169.

Decided April 29, 2005.

114

Julia R. Bates, Lucas County Prosecuting Attorney, and Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

Stephen D. Hartman and Kimberly A. Donovan, for appellant.

SKOW, Judge.

{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas finding appellant guilty of money laundering and possession of criminal tools. Because we conclude that the trial court erred in denying appellant's motion to dismiss based on speedy-trial grounds, we reverse.

{¶ 2} Appellant, Belia Larios Sanchez, was arrested on December 17, 2003, after police stopped the sport utility vehicle she was riding in with two men. Although a drug dog had alerted during a sniff search of the vehicle, no drugs were found. State troopers discovered approximately $500,000 in a hollowed-out back seat. Appellant denied knowing anything about the hidden cash. She was charged with and pleaded not guilty to one count of money laundering, a violation of R.C. 1315.55(A)(3) and (C)(1), and one count of possession of criminal tools, a violation of R.C. 2923.24(A) and (C). On December 22, 2003, an immigration detainer was issued by the Immigration and Customs Enforcement Agency ("ICE"),[1] because appellant is not a United States citizen.

{¶ 3} On April 27, 2004, appellant filed a motion in limine to exclude any mention of appellant's citizenship status at trial. On April 30, 2004, appellant filed a motion to dismiss based upon speedy trial grounds, which was denied on June 11, 2004. On June 14, 2004, appellant pleaded "no contest" and was found guilty on both counts of the indictment. The trial court imposed a sentence of five years of community control with additional conditions.

{¶ 4} Appellant now appeals from that judgment, arguing the following sole assignment of error:

{¶ 5} "The trial court erred when it ruled in its June 11, 2004 judgment entry that appellant's motion in limine, pursuant to R.C. 2945.72(E), tolled the running

---

1. The Immigration and Customs Enforcement Agency was formerly known as the Immigration and Naturalization Service or INS.

of the "speedy trial" time because the motion in limine did not cause a delay in the proceedings."

{¶ 6} Essentially, appellant asserts that the trial court erred in denying her motion to dismiss based upon the violation of her statutory right to a speedy trial. Appellee argues that the motion in limine tolled the speedy trial time and, even if it did not, an immigration detainer issued by the ICE negated the triple-count provision of R.C. 2945.71(E).

■ {¶ 7} Appellate review of speedy-trial issues involves a mixed question of law and fact. *State v. High* (2001), 143 Ohio App.3d 232, 242, 757 N.E.2d 1176; *State v. Brown* (1998), 131 Ohio App.3d 387, 391, 722 N.E.2d 594. We afford due deference to the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Hiatt* (1997), 120 Ohio App.3d 247, 261, 697 N.E.2d 1025. However, we independently review whether the trial court correctly applied the law to the facts of the case. *Brown*, 131 Ohio App.3d at 391, 722 N.E.2d 594.

■ {¶ 8} We will first address the issue of whether the ICE detainer nullified the triple-count requirement while appellant was in custody. R.C. 2945.71(C)(2) mandates that a person charged with a felony must be brought to trial within 270 days of his arrest, but under 2945.71(E), if a person is held in jail in lieu of bail, then each day is to be counted as three days, otherwise known as a "triple count." The triple-count provision, however, applies only when the person is being held in jail solely on the pending case. *State v. MacDonald* (1976), 48 Ohio St.2d 66, 2 O.O.3d 219, 357 N.E.2d 40, paragraph one of the syllabus, construing former R.C. 2945.71(D), now 2945.71(E). Thus, R.C. 2945.71(E) does not apply when a defendant is being held in custody pursuant to other charges or on a parole or probation-violation holder. *State v. Brown* (1992), 64 Ohio St.3d 476, 479, 597 N.E.2d 97; *State v. Ladd* (1978), 56 Ohio St.2d 197, 10 O.O.3d 363, 383 N.E.2d 579, syllabus (construing former R.C. 2945.71(D)); *State v. Martin* (1978), 56 Ohio St.2d 207, 211, 10 O.O.3d 369, 383 N.E.2d 585. The rationale for this exclusion is that even if an accused is released from custody on one case, he or she would continue to be held in custody because of the other charges or because of pending probation proceedings. See *Martin*, supra.

{¶ 9} However, the ICE's "issuance of a detainer notice is of limited significance—it is 'merely a method of advising the prison officials to notify the I.N.S. of the [prisoner's] impending release or transfer * * *. The detainer expresses only the intention of the I.N.S. to make a determination of deportability, if and when, the subject of the notice becomes available at a later time.' *Waldron v. INS* (2d Cir.1994), 17 F.3d 511, 515 (internal quotation marks and brackets omitted). And, the language and legislative histories of [certain Acts] seem to us

to be clear that deportation proceedings may not be deemed to have begun with the issuance of a detainer notice." *Thom v. Ashcroft* (C.A.2, 2004), 369 F.3d 158, 165. Consequently, unlike a probation holder, where the ICE detainer is issued solely on the basis and outcome of state court charges, the detainer does not necessarily serve to establish an independent charge, but serves only as notice to the local law enforcement officials.

{¶ 10} In this case, appellant had no other state or federal charges pending and was not being held as a result of a possible parole or probation violation. Rather, her noncitizen status caused the ICE detainer to be issued. Since the detainer served only as a notice of possible potential immigration proceedings, it did not act as an independent charge. Therefore, we conclude that the detainer did not serve to negate the provisions of R.C. 2945.71(E), and since appellant was in jail while awaiting trial, those days in custody are triple-counted.

{¶ 11} We will now examine the motion to dismiss, the calculation of speedy-trial days, and whether appellant's statutory speedy-trial rights were violated. As we noted previously, R.C. 2945.71(C)(2) requires that a person charged with a felony must be brought to trial within 270 days of his arrest, or 90 triple-counted days if held in jail in lieu of bond. The statutory time within which an accused must be brought to trial begins to run the day after arrest. Crim.R. 45(A). When reviewing a speedy-trial question, the appellate court must count the number of delays chargeable to each side and then determine whether the number of days not tolled exceeded the time limits under R.C. 2945.71. *State v. Barnett*, 12th Dist. No. CA2002–06–011, 2003-Ohio-2014, 2003 WL 1906768, at ¶ 7. The speedy-trial statutes are mandatory and strictly enforced. *State v. Mincy* (1982), 2 Ohio St.3d 6, 9, 2 OBR 282, 441 N.E.2d 571, fn. 3. If the defendant is not brought to trial within the statutory timeframe, he "shall be discharged." R.C. 2945.73(B). " 'The rationale supporting [the speedy-trial statute] was to prevent inexcusable delays caused by indolence within the judicial system.' " *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at ¶ 24, quoting *State v. Ladd*, supra, at 204, 10 O.O.3d 363, 383 N.E.2d 579.

{¶ 12} R.C. 2945.72 provides circumstances, however, which extend the time in which an accused felon must be brought to trial. These circumstances include any delay necessitated by a motion by the accused, any continuances granted on the accused's own motion, the period of any reasonable continuance granted other than upon the accused's own motion, and the period of delay occasioned by the neglect or improper act of the accused. R.C. 2945.72. Once a defendant demonstrates a prima facie violation of his right to a speedy trial, the burden shifts to the state to prove that the time was extended or tolled by events or reasons chargeable to the defendant under the various subsections of R.C. 2945.72. *State v. Geraldo* (1983), 13 Ohio App.3d 27, 28, 13 OBR 29, 468 N.E.2d

328. Furthermore, where there is ambiguity, the statutory tolling provisions must be strictly construed against the state. *State v. Singer* (1977), 50 Ohio St.2d 103, 109, 4 O.O.3d 237, 362 N.E.2d 1216.

{¶ 13} Generally, a motion to dismiss for a violation of the right to a speedy trial will toll the time under R.C. 2945.72(E). See *State v. Stanley*, 7th Dist. No. 03MA42, 2004-Ohio-6801, 2004 WL 2913912, at ¶ 32; *State v. Morris*, 2d Dist. No. 19283, 2003-Ohio-1049, 2003 WL 862656, at ¶ 13. Likewise, an accused's demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E). *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at ¶ 26. The time is tolled, however, only until the state responds in a reasonably timely fashion. See *Martin*, supra. *State v. Benge* (Apr. 24, 2000), 12th Dist. No. CA99–05–095, 2000 WL 485524. The reason for tolling the time for certain motions is that they "divert the attention of prosecutors from preparing their case for trial, thus necessitating delay." *Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at ¶ 23.

{¶ 14} Nevertheless, the mere filing of any motion does not trigger tolling under R.C. 2945.72; rather, it is the *delay* caused by the motion or other pleading that stops the running of speedy-trial time. See *Singer*, supra, at 107–109, 4 O.O.3d 237, 362 N.E.2d 1216 (90–day limit extended only by the period of any delay or continuance); *State v. Adkins* (2001), 144 Ohio App.3d 633, 640, 761 N.E.2d 94; *State v. Walker* (Aug. 25, 2000), 11th Dist. No. 99–A–0048, 2000 WL 1227297; *State v. Meade* (Dec. 13, 1996), 6th Dist. No. E–96–001, 1996 WL 715458; *State v. Knittel* (Feb. 21, 1992), 11th Dist. No. 91–A–1599, 1992 WL 191980; *State v. Phillips* (June 19, 1987), 6th Dist. No. WMS–86–13, 1987 WL 13076. "Whether a delay 'results' from a motion or other action requires an analysis of cause and effect. Not every delay that follows a motion results from it; the delay must be caused by it." *State v. Robison* (Sept. 11, 1997), 10th Dist. No. 97APA02–183, 1997 WL 566189; *State v. Owens* (June 26, 1992), 2d Dist. No. 13054, 1992 WL 142681.

{¶ 15} Thus, if a motion filed by the accused does not cause an actual delay or divert the prosecution's attention, it will not toll the time. See *State v. Nichols*, 5th Dist. No. 04CA56, 2005-Ohio-1771, 2005 WL 858161 (filing of jury demand does not toll speedy-trial time). See, also, *Singer*, supra; *Adkins*, supra (motion in limine that did not cause actual delay did not toll speedy-trial time); *Walker*, supra (jury demand did not cause delay); *Knittel*, supra (rightful jury demand did not cause delay); *Robison*, supra (motion to suppress did not cause delay).

{¶ 16} In this case, from appellant's arrest until her first request for a continuance on February 13, 2004, 58 days elapsed. The time was tolled from February 14 to February 20, 2004. Four more days elapsed until appellant filed

motions for discovery and a bill of particulars, bringing the number of days to 62. The time was then tolled while the state was afforded a reasonable time within which to respond to the motions. On March 5, 2004, appellant also voluntarily waived speedy-trial rights until March 31, 2004, tolling the time until that date. On April 1, 2004, the time began running again.

{¶ 17} When appellant filed her motion in limine on April 27, 2004, 89 days had run. The motion in limine requested that the court prevent disclosure of appellant's citizenship status during trial. After appellant filed her April 30, 2004 motion to dismiss, the state requested an extension to examine the record and respond to that motion but never referred to the motion in limine. Nothing in the record indicates that the motion in limine caused any delay in the proceedings. The motion required only a simple discretionary evidentiary ruling by the court, rather than any extensive research or response by the state. In this case, since nothing in the record indicates that the motion diverted the prosecution's attention or caused a delay in the proceedings, it did not toll the speedy-trial time. Consequently, when appellant's motion to dismiss was filed, she had not yet been brought to trial, and 92 triple-counted days had elapsed. Therefore, appellant's statutory right to a speedy trial was violated, and the trial court erred in denying her motion to dismiss.

{¶ 18} Accordingly, appellant's sole assignment of error is well taken.

{¶ 19} The judgment of the Lucas County Court of Common Pleas is reversed, and appellant's conviction and sentence are vacated.

Judgment reversed.

SINGER, P.J., and HANDWORK, J., concur.