DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a decision rendered by the Ottawa County Court of Common Pleas denying appellant's motion to dismiss based on speedy trial rights. Because we conclude that the trial court correctly denied appellant's motion to dismiss on speedy trial grounds, we affirm.
 {¶ 2} Defendant-appellant, Gregory P. Waite, was arrested on October 6, 2003.[1] He was subsequently indicted on October 22, 2003, for rape pursuant to R.C 2907.02(A)(2), and kidnapping pursuant to R.C.2905.01(A)(2), both first degree felonies. Appellant was also indicted for abduction pursuant to R.C. 2905.02(A)(2), and intimidation pursuant R.C. 2921.04(B), both third degree felonies.
 {¶ 3} On October 30, 2003, appellant made his initial appearance and pled not guilty to the charges. Following numerous delays and continuances attributable to both parties, appellant filed a motion to dismiss on September 20, 2004, claiming his right to a speedy trial was violated. The trial court denied appellant's motion on September 23, 2004, and the matter proceeded to trial on September 27, 2004.
 {¶ 4} On September 28, 2004, a plea agreement was reached, wherein appellant pled no contest to the amended indictments and was found guilty of aggravated assault pursuant to R.C 2903.12(A)(1), and attempted abduction pursuant to R.C. 2923.02, both fourth degree felonies. The state dismissed the kidnapping and intimidation indictments at the time of sentencing. On November 16, 2004, in accordance with the plea agreement, appellant was sentenced to serve eighteen months in prison on each of the two convictions, with the sentences ordered to run consecutively.
 {¶ 5} Appellant filed a timely notice of appeal on November 23, 2004, and proposes one assignment of error:
 {¶ 6} "The Trial Court erred to the prejudice of the Defendant by failing to grant the Defendant's Motion to Dismiss for failure of the State of Ohio to timely prosecute the Defendant, pursuant to O.R.C. Section 2945.71 et. seq., and based on Constitutional issues of Speedy Trial Rights, as contained in the Sixth Amendment of the U.S. Constitution."
 {¶ 7} Appellate review of speedy trial issues involves mixed questions of law and fact. State v. High (2001), 143 Ohio App.3d 232, 242;State v. Brown (1998), 131 Ohio App.3d 387, 391. An appellate court affords due deference to the trial court's findings of fact if they are supported by competent, credible evidence. State v. Hiatt (1997),120 Ohio App.3d 247, 261. However, an appellate court independently examines whether the trial court correctly applied the law to the facts in the instant case. Brown, 131 Ohio App.3d 387, 391. The statutes governing speedy trials are strictly enforced, and if the defendant is not brought to trial within the time provided by statute, he "shall be discharged." R.C. 2945.73(B).
 {¶ 8} Appellant contends that his right to a speedy trial was violated because the state of Ohio failed to timely prosecute him pursuant to R.C. 2945.71(C)(2). R.C. 2945.71(C)(2) provides, in pertinent part:
 {¶ 9} "A person against whom a charge of felony is pending:
 {¶ 10} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest."
 {¶ 11} In addition, under R.C. 2945.71(E), if a person is held in prison in lieu of bail, each day that person is incarcerated counts as three days toward the 270 day limit. Thus, when the triple count provision applies, a defendant must be brought to trial within 90 days. This time begins to accrue the day after the arrest. Crim.R. 45(A). If a defendant is not brought to trial within this period, R.C. 2945.73(B) mandates a defendant's discharge. State v. Sanchez, 6th Dist. No. L-04-1169, 2005-Ohio-2093, at ¶ 11. However, the triple-count provision applies only when the person is being held in jail solely on the pending case. State v. MacDonald (1976), 48 Ohio St.2d 66, paragraph one of the syllabus (construing former R.C. 2945.71(D), now R.C. 2945.71(E)).
 {¶ 12} In the instant case, since appellant had no additional charges pending and was not being held on a parole or probation violation, he was being held in prison in lieu of bail while awaiting trial. Thus, pursuant to R.C. 2945.71(E), each day appellant awaited trial in jail is triple-counted.
 {¶ 13} Appellant's motion to dismiss also involves an examination of time tolled. "When reviewing a speedy trial question, the appellate court must count the number of delays chargeable to each side and then determine whether the number of days not tolled exceeded the time limits under R.C. 2945.71." Sanchez, 2005-Ohio-2093, at ¶ 11.
 {¶ 14} R.C. 2945.72 supplements R.C. 2945.71, and tolls the length of time during which an accused felon must be brought to trial. R.C. 2945.72
relevantly provides:
 {¶ 15} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 16} "(A) Any period during which the accused in unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;
 {¶ 17} "(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;
 {¶ 18} "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 {¶ 19} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 20} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 21} "(F) Any period of delay necessitated by a removal or change of venue pursuant to law;
 {¶ 22} "(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;
 {¶ 23} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;
 {¶ 24} "(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending."
 {¶ 25} The burden shifts to the state to prove the applicability of R.C. 2945.72's tolling provisions once the defendant demonstrates a prima facie violation of his right to a speedy trial under R.C. 2945(C)(2).State v. Geraldo (1983), 13 Ohio App.3d 27, 28. In addition, any ambiguities are strictly construed against the state. State v. Singer
(1977), 50 Ohio St.2d 103, 109.
 {¶ 26} An accused's demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E). State v. Brown,98 Ohio St.3d 121, 124, 2002-Ohio-7040, at ¶ 26. As the Ohio Supreme Court in Brown explained, "Discovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating delay. If no tolling is permitted, a defendant could attempt to cause a speedy trial violation by filing discovery requests just before trial. * * * Further, prosecutors could be forced to make hurried responses to discovery requests to avoid violating the speedy trial statute." Brown, 2002-Ohio-7040, at ¶ 23. In addition to discovery demands, a motion to dismiss alleging a violation of a defendant's right to a speedy trial will also toll the time in which a defendant must be brought to trial. Sanchez, 2005-Ohio-2093, at ¶ 13; see, also, State v.Stanley, 7th Dist. No. 03MA42, 2004-Ohio-6801, at ¶ 32.
 {¶ 27} However, not every motion acts as a tolling event. "[I]f a motion filed by the accused does not cause actual delay or divert the prosecutor's attention, it will not toll the time." Sanchez, 2005-Ohio-2093, at ¶ 15. See, also, State v. Nichols, 5th Dist. No. 04CA56,2005-Ohio-1771, at ¶ 14 (timely filing of jury demand does not act as tolling event); Singer, supra (motion in limine, absent actual delay, did not toll speedy trial time); State v. Robison (Sept. 11, 1997), 10th Dist. No. 97APA02-183 (motion to suppress does not automatically serve as a tolling event). Furthermore, "Whether a delay `results' from a motion or other action requires an analysis of cause and effect. Not every delay that follows a motion results from it; the delay must be caused by it."Robison, supra, quoting State v. Owens (June 26, 1992), 2d Dist. No. 13054. In addition, even when time is tolled, the tolling only lasts "until the state responds in a reasonably timely fashion." State v.Benge (Apr. 24, 2000), 12th Dist. No. CA99-05-095.
 {¶ 28} For purposes of determining whether appellant's right to a speedy trial was violated, we will primarily address only those time periods which, according to appellant, would push the number of speedy trial days beyond the 270 days permitted by R.C. 2945.71(C)(2) and (E).
 {¶ 29} Appellant alleges that 192 triple-counted days are chargeable to the state for the period between April 19, 2004 and June 21, 2004. Appellant posits that the court, "on [its] own motion, sua sponte, by assignment notice, without request by either party, with no reasons given and no hearing on the record, continued the trial date until June 21, 2004." However, the record clearly indicates that on February 10, 2004, appellant filed a motion to continue for "sometime around April 19, 2004, or thereafter." Appellant's motion was granted, and the court rescheduled the trial for May 25, 2004. Pursuant to R.C. 2945.72(H), the speedy trial time was tolled until May 25, 2004, because the continuance was "granted on the accused's own motion."
 {¶ 30} The state concedes that the court sua sponte rescheduled the trial date from May 25, 2004, to June 21, 2004, so a fourth day would be available for trial.[2] During this period, 84 triple-counted days elapsed which are chargeable to the state.[3]
 {¶ 31} Additionally, appellant alleges that 126 triple-counted days are chargeable to the state for the period between June 21, 2004 and August 2, 2004, per the state's motion to continue on June 21, 2004. However, several key facts are conspicuously absent from appellant's brief.
 {¶ 32} First, appellant fails to mention that the state's motion to continue was prompted by appellant's untimely discovery requests. The court acknowledged as much when it stated, in a June 21, 2004 order: "Because of the numerous discovery items filed by the defense in an untimely [manner], the trial date in this case is moved one day. The trial will commence on Tuesday, June 22, 2004. If the state needs additional time to prepare due to the late discovery, a further motion to continue will be considered by the court." The state then filed a motion to continue on June 21, 2004, which the court granted.
 {¶ 33} Second, when the court granted the state's continuance request, it explicitly stated, "Upon the State's Motion for Continuance, and for good cause shown, the Jury Trial scheduled for June 22, 2004, in the above-captioned matter is continued to the 2nd day of August, 2004 at 9:00 am. Time will be charged to the Defendant." Continuances granted under R.C. 2945.72(H) "other than upon the accused's own motion" must be both reasonable and supported by an explanation. State v. Richardson, 2d Dist. No. 03CA92, 2004-Ohio-5815, at ¶ 14. The "good cause" referenced in this order must be read in conjunction with the court's earlier order rescheduling the trial for June 22, 2004. There, the court permitted additional time because of appellant's untimely discovery requests. Therefore, pursuant to R.C. 2945.72(H), and because the court order granting the continuance was both reasonable and explanatory, the time period between June 21, 2004, and August 2, 2004, is not chargeable to the state.
 {¶ 34} Appellant also maintains that 168 triple-counted days are chargeable to the state for the period between August 2, 2004 and September 27, 2004. Specifically, appellant alleges, "the Court failed to continue the Defendant's counsel's involvement in a divorce trial and instead ordered that this Trial was to be continued." Based on this language, appellant is apparently arguing that the trial court rescheduled appellant's trial date sua sponte. However, even a cursory examination of the record reveals that on July 14, 2004, appellant himself filed a motion to continue the August 2, 2004 trial date. The court subsequently granted appellant's motion, and the trial date was rescheduled for September 20, 2004. R.C. 2945.72(H) mandates that the speedy trial time be tolled during this period, as it was a motion on appellant's behalf. Therefore, this time is not chargeable to the state.
 {¶ 35} On September 20, 2004, the state orally moved to continue the trial date because an essential witness was hospitalized. The court granted this motion and rescheduled the trial date for September 27, 2004. The case proceeded to trial on September 27, 2004. The state concedes that pursuant to R.C. 2945.71(E), 24 triple-counted days elapsed during this period which are chargeable to the state. But, see State v.Geren (Sept. 30, 1988), 6th Dist. No. WMS-88-1 (state's motion to continue because key witness was unavailable tolled speedy trial time pursuant to R.C. 2945.72(H)).[4]
 {¶ 36} In toto, appellant alleges that 468 triple-counted days elapsed from April 19, 2004 to September 27, 2004, which are chargeable to the state. However, applying R.C. 2945.72's tolling provisions reveal that only 108 triple-counted days are chargeable to the state for this period. Moreover, from the time of appellant's arrest on October 6, 2003, until April 19, 2004, even if we calculate the number of speedy trial days according to the state's brief,[5] the total number of days reaches only 204, well short of the 270 day limit.
 {¶ 37} According to the above analysis, the following chart illustrates the speedy trial days attributable to each party.
 {¶ 38}

 Dates Chargeable to:
 10/6/03 — 10/15/03 State (27 days total)
 10/15/03 — 10/22/03 Appellant (27 days total)
 10/22/03 — 10/30/03 State (54 days total)
 10/30/03 — 11/26/03 Appellant (54 days total)
 11/26/03 — 12/9/03 State (96 days total)
 12/9/03 — 5/25/04 Appellant (96 days total)
 5/25/04 — 6/21/04 State (180 days total)
 6/21/04 — 8/2/04 Appellant (180 days total)
 8/2/04 — 9/20/04 Appellant (180 days total)
 9/20/04 — 9/27/04 State (204 days total)
 10/6/03 — 9/27/04 204 days chargeable to state
 {¶ 39} Therefore, we find that the state did not violate appellant's right to a speedy trial pursuant to R.C. 2945.71.
 {¶ 40} In light of the foregoing, we find appellant's assignment of error not well-taken.
 {¶ 41} For the foregoing reasons, we affirm the Ottawa County Court of Common Pleas' decision denying appellant's motion to dismiss based on speedy trial rights. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Ottawa County and for which execution is awarded. See App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J. Concur.
[1] The record does not specifically state that October 6, 2003, was the date of appellant's arrest. However, neither party contends otherwise.
[2] Although the record does not contain an official order by the trial court, both parties agree that trial was rescheduled for June 21, 2004.
[3] We decline to evaluate the prudence of this concession; however, this time might not be chargeable to the state, since the court stated it wished to preserve an additional day for trial. State v. Flowers (Aug. 13, 1998), 6th Dist. No. L-92-337 (continuances ordered sua sponte may toll speedy trial time if reasonable and supported by an explanation). Regardless, these days have no bearing on the outcome of this case.
[4] Adding or subtracting these days has no effect on our disposition of this case.
[5] The state's brief actually charges more time to the state than does appellant's brief for this period.