{¶ 40} I respectfully dissent, for I believe a disturbing trend has found its way into the manner in which speedy-trial rights are being calculated in this appellate district. With far too much regularity, it appears that whenever a defendant files any pretrial motion, the time required to consider that motion is automatically charged against the defendant in calculating his right to a speedy trial. That is not the law in Ohio. There must also be a determination by the trial court that the pretrial motion has delayed the proceedings.
 {¶ 41} The purpose of the speedy-trial statute, as well as the mandates in the case law enforcing constitutional rights, is to protect both the state and the defendant from dilatory tactics from either side. In other words, for the purpose of calculating the time remaining within which to ensure a speedy trial, it is incumbent upon trial courts to determine the reasonable delay, if any, caused by the filing of a pretrial motion.
 {¶ 42} As so aptly stated by the Sixth Appellate District, "[i]f the defendant is not brought to trial within the statutory timeframe, he `shall be discharged.' R.C. 2945.73(B). `"The rationale supporting (the speedy-trial statute) was to prevent inexcusable delays caused by indolence within the judicial system."'"[1]
 {¶ 43} It is undisputed that, in this case, motions for discovery were filed by both sides and may have extended the time within which Bradley was brought to trial. Such motions, however, only toll the statute if they "divert the attention of prosecutors from preparing their case for trial, thus necessitating delay."[2] Thus, to find that a plea, motion, or other proceeding instituted by the defendant has created an extension of his speedy-trial date, the court must find that a period of delay resulted from such action on the part of the defendant. As stated by this court, there must be a "delay" component in every motion, or the statute will provide no protections at all.[3] Otherwise, "`[t]o hold that the "extension of time" provisions of R.C. 2945.72(E) are extended without limit by the filing of a "motion, proceeding, or action made or instituted by the accused" would subvert the policy of the speedy trial statutes.'"[4]
 {¶ 44} Further, there must be a causal relationship between the filing of the motion and the delay, if any. As stated by the Second Appellate District, "[w]hether a delay `results' from a motion or other action requires an analysis of cause and effect. Not every delay that follows a motion results from it; the delay must be caused by it."[5] Thus, "not every motion acts as a tolling event."[6]
 {¶ 45} R.C. 2945.72(E) provides for extension by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." In this case, whether the delay was "necessitated by," that is, whether it was a necessary delay, is a question of fact.[7]
 {¶ 46} The record is clear in the instant case that, as of the pretrial conference of March 2, 2004, Bradley was no longer seeking any discovery from the state. He was in jail and wanted his day in court. As such, his January 24, 2004 request for discovery was no longer a tolling event. The majority contends that the reciprocal request for discovery by the state, which was not answered, kept the speedy-trial meter from running. The record does not support that proposition. Nowhere does the record indicate that the state was being delayed in its preparation for trial by the failure of the jailed defendant to respond to its request for discovery. Nor does it indicate that a delay was necessary as a result of any action occasioned by Bradley.
 {¶ 47} The record is also clear that the trial was delayed to permit the state to receive evidence that was being processed by the state's crime lab. Such a tolling of speedy-trial rights may very well be justified, provided the court, prior to the expiration of the time allowed for trial, grants an extension for good cause shown and enters its ruling on the record.
 {¶ 48} As stated by the Tenth Appellate District:
 {¶ 49} "In State v. Mincy (1982), 2 Ohio St.3d 6,441 N.E.2d 571, the Ohio Supreme Court held in the syllabus that `when sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial.' In State v. King (1994), 70 Ohio St.3d 158,637 N.E.2d 903, the court reaffirmed the holding in Mincy that `any suasponte continuance must be reasonable, and must be accompanied by a journal entry which is made prior to the expiration of the statutory time limit and explains the reasons for the continuance.' King, supra, at 160."[8]
 {¶ 50} To hold the trial courts to a lesser standard eviscerates appellate review of this important statutory and constitutional right. It is critical in this case that no judgment entry was filed to reflect the granting of a continuance to the state by the trial court.
 {¶ 51} In sum, there is nothing in the record before this court demonstrating either: (1) that any motions filed by Bradley delayed the state from preparing for trial; (2) that the trial court made a ruling granting a reasonable continuance of the trial for the purpose of securing the BCI evidence; or (3) that the state sought court intervention for the alleged discovery violation. As such, Bradley's speedy-trial rights were violated, and the conviction should be reversed.
[1] (Citations omitted.) State v. Sanchez,162 Ohio App.3d 113, 2005-Ohio-2093, at ¶ 11.
[2] State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, at ¶23.
[3] State v. Knittel (Feb. 21, 1992), 11th Dist. No. 91-A-1599, 1992 WL 191980, at *2. See, also, State v. Walker
(Aug. 25, 2000), 11th Dist. No. 99-A-0048, 2000 WL 1227297, at *2.
[4] State v. Owens (June 26, 1992), 2d Dist. No. 13054, 1992 Ohio App. LEXIS 3332, at *5, quoting State v. Watkins (Dec. 3, 1985), 2d Dist. No. 9006, 1985 Ohio App. LEXIS 9596, at *2.
[5] State v. Owens, at *6.
[6] State v. Waite, 6th Dist. No. OT-04-051, 2005-Ohio-4440, at ¶ 27.
[7] State v. Long (1990), 70 Ohio App.3d 810, 812.
[8] State v. Robison (Sept. 11, 1997), 10th Dist. No. 97APA02-183, 1997 Ohio App. LEXIS 4103, at *7-8.