{¶ 57} The right to a speedy trial is mandatory. In this matter, the trial commenced in August 2003, following an arrest in December 2001. By any definition used, that is not "speedy." Obviously, some of this delay was caused by the actions of appellant.
 {¶ 58} As stated by the Sixth District Court of Appeals:
 {¶ 59} "When reviewing a speedy-trial question, the appellate court must count the number of delays chargeable to each side and then determine whether the number of days not tolled exceeded the time limits under R.C. 2945.71.[1] The speedy-trial statutes are mandatory and strictly enforced.[2] If the defendant is not brought to trial within the statutory timeframe, he `shall be discharged.' R.C. 2945.73(B)."[3]
 {¶ 60} The Supreme Court of Ohio has been consistent in defining speedy-trial rights as being "mandatory." As stated by the court:
 {¶ 61} "In a series of cases, we have imposed upon the prosecution and the trial courts the mandatory duty of complying with R.C. 2945.71 through 2945.73.[4] We do so pursuant to our conclusion that the General Assembly's definition of the trial court's obligation to guarantee a speedy trial is a rational one which we will enforce.[5] This action implements the constitutional right to a speedy trial.[6] [7]"
 {¶ 62} I must respectfully disagree with the majority's math in this case on several areas. For example, the trial court and majority seem to believe the defense motion to extend time to file pre-trial motions (May 31, 2002) and motion to withdraw counsel (July 16, 2002) tolled the statute for a combined eleven days. I disagree. Absent a finding on the record that a motion by the accused actually caused delay, there is no statutory tolling.[8]
 {¶ 63} More troubling, however, are the events during the Summer of 2003. Initially, the court granted a continuance on behalf of the state due to the unavailability of a key witness, the Sheriff of Ashtabula County. This continuance, which was arguably reasonable, caused the trial to be continued from May 31, 2003 to July 15, 2003. I use the term "arguably," because, when viewed in a vacuum, this six-week delay may seem reasonable on its face. But the trial did not commence on July 15, 2003. As stated by the majority, "due to delays not attributable to appellant, the date of trial was rescheduled for August 12, 2003." Therein lies the dilemma.
 {¶ 64} Appellant had agreed to a continuance up to May 31, 2003. By any reasonable mathematical calculation, her speedy-trial rights did not extend beyond that date. Yet she was not tried until August 12, 2003, leaving her with the entire Summer of 2003 while she awaited her statutorily and constitutionally guaranteed speedy trial. The record does not support this delay. It is simply not good enough to merely schedule a trial within the statutorily-prescribed time period.[9] The trial must occur, or, alternatively, the record must demonstrate "good cause shown."
 {¶ 65} The judgment of the trial court should be reversed.
[1] State v. Barnett, 12th Dist. No. CA2002-06-011, 2003-Ohio-2014, at ¶ 7.
[2] State v. Mincy (1982), 2 Ohio St.3d 6, 9, fn. 3.
[3] State v. Sanchez, 162 Ohio App.3d 113, 2005-Ohio-2093, at ¶ 11.
[4] See, e.g., State v. Pudlock (1975), 44 Ohio St.2d 104;State v. Cross (1971), 26 Ohio St.2d 270; State v. Gray
(1964), 1 Ohio St.2d 21.
[5] See State v. MacDonald (1976), 48 Ohio St.2d 66, 71.
[6] State v. Pudlock, supra, at 105.
[7] (Internal footnote omitted.) State v. Singer (1977),50 Ohio St.2d 103, 105-106.
[8] See, e.g., R.C. 2945.72(E).
[9] See State v. Mincy, 2 Ohio St.3d at 8.