OPINION
{¶ 1} This appeal arises out of appellant, Jerome K. Buyck's ("Buyck"), convictions for possession of crack cocaine in violation of R.C. 2925.11(A)(C)(4)(c), a felony of the third degree and possession of heroin in violation of R.C.2925.11(A)(C)(6)(b), a felony of the fourth degree. The Portage County Court of Common Pleas sentenced Buyck to four years imprisonment for the third-degree felony and six months imprisonment for the fourth-degree felony. Buyck timely appeals raising two assignments of error. For the reasons that follow, we affirm.
 {¶ 2} On March 13, 2005, Streetsboro police responded to a call at Room 103 of the Econo-Lodge hotel. Upon arrival, officers found Buyck and a juvenile in the room. Officers requested permission to search the room and Buyck reported it was not his room and therefore he could not provide consent to the search. Buyck and the juvenile joined the officers in the hallway of the hotel. The renter of the room eventually appeared and provided consent to the officers for the search. Buyck remained in the hallway.
 {¶ 3} Upon learning of the consent to search, Buyck complained, in earshot of the police officers, that he left drugs exposed in the room. During the search, the officers uncovered marijuana, heroin and crack cocaine along with cash and various other items. As a result of the search and Buyck's statements made in the presence of the police while he was waiting in the hallway, he was arrested and indicted on the following: Count 1 — trafficking in cocaine, a felony of the third degree in violation of R.C. 2925.03(A)(2); Count 2 — possession of cocaine, a felony of the third degree in violation of R.C. 2925.11(A)(C)(4)(c); Count 3 — trafficking in heroin, a felony of the third degree in violation of Section 2925.03(A)(2); Count 4 — possession of heroin, a felony of the fourth degree in violation of R.C.2925.11; and Count 5 — corrupting another with drugs, a felony of the fourth degree in violation of R.C. 2925.02(A)(4)(a).
 {¶ 4} Buyck pled not guilty to all counts. From the date of his arrest, Buyck was held in jail in lieu of bond. On June 17, 2005, Buyck filed a motion for discharge due to the alleged failure of the state to bring him to trial within the specified time period. The court denied this motion the same day after conducting a hearing.
 {¶ 5} Buyck was tried by a jury on July 19, 2005 on the possession of crack cocaine and heroin charges only. The jury convicted Buyck on both counts. The trial court sentenced Buyck on August 25, 2005 to four years imprisonment for the possession of crack cocaine and six months imprisonment for the possession of heroin.[1] Buyck timely appealed.
 {¶ 6} Buyck's first assignment of error states: "THE TRIAL COURT COMMITTED ERROR BY DENYING MR. BUYCK'S MOTION FOR A DISCHARGE FOR DELAY IN TRIAL WHEN, IN FACT, MR. BUYCK WAS TRIED OUTSIDE THE NINETY (90) DAY WINDOW PERMITTED BY STATUTE."
 {¶ 7} Buyck's first assignment of error raises a statutory speedy trial issue. A review of a defendant's statutory right to speedy trial involves both questions of law and fact. State v.Sanchez, 162 Ohio App.3d 113, 2005-Ohio-2093, at ¶ 7. Appellate courts are therefore required to independently apply the law to the facts of the case, giving due deference to the facts as found by the trial court if those facts are supported by proper evidentiary standards. Id.
 {¶ 8} R.C. 2945.71 provides:
 {¶ 9} "* * *
 {¶ 10} "(C) A person against whom a charge of felony is pending:
 {¶ 11} "* * *
 {¶ 12} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest.
 {¶ 13} "* * *
 {¶ 14} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *"
 {¶ 15} Buyck was arrested on March 13, 2005. The time period for speedy trial purposes begins to run the day following the arrest. Crim.R. 45(A), see, also, State v. Stamps (1998),127 Ohio App.3d 219, 223. Buyck was held in jail in lieu of bail from the day of his arrest onward. Therefore, as a result of the triple-count provision in R.C. 2945.71(E), the state had ninety days within which to bring Buyck to trial.
 {¶ 16} Beginning with March 14, 2005, the day after Buyck's arrest, and culminating with trial on July 19, 2005, Buyck was held in jail for 128 days. Since Buyck was held for more than ninety days under a triple-count application of time, Buyck has established a prima facie case for dismissal. See, State v.Collins (1993), 91 Ohio App.3d 10, 15. As a result of Buyck establishing a prima facie case for dismissal, the burden is transferred to the state to prove Buyck's trial was timely. Id.
 {¶ 17} There are certain events that will trigger a tolling period of the speedy trial time. See, R.C. 2945.72. The applicable tolling events in this case as provided by R.C.2945.72 include:
 {¶ 18} "* * *
 {¶ 19} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 20} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 21} "* * *
 {¶ 22} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion; * * *."
 {¶ 23} On March 24, 2005, Buyck filed a motion for discovery. "A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, at syllabus. The speedy-trial clock remains stopped until the state responds to the discovery requests. State v. Benge (Apr. 24, 2000), 12th Dist. No. CA99-05-095, 2000 Ohio App. LEXIS 1782, 4. The state responded to Buyck's first discovery demand on April 26, 2005, 33 days after the request.
 {¶ 24} Buyck claims the state's 33 day response time is unreasonable and therefore the state should not be credited with these 33 days as properly tolled time. Following a demand for discovery, the time is tolled until "* * * the state responds in a reasonably timely fashion." Sanchez, supra, at ¶ 13.
 {¶ 25} To determine whether a delay is reasonable requires a review of the circumstances in their entirety. See, State v.Ritter (Dec. 17, 1999), 11th Dist. No. 98-A-0065, 1999 Ohio App. LEXIS 6100, 10-11, see, also, State v. Gibson, 11th Dist. No. 2002-T-0055, 2003-Ohio-5695, at ¶ 22. The reviewing court is entrusted with reviewing all relevant factors prior to a decision regarding the reasonableness of the responsive period. See,Gibson, supra.
 {¶ 26} The state argues that due to the complexity of the evidence in Buyck's case, 33 days is not an unreasonable response time. The state points out that "evidence was submitted to the Bureau of Criminal Identification and Investigation ("BCI") for testing, copies of videotapes and photographs were also necessary." A review of Buyck's demand for discovery as well as the trial record confirms that these materials were in fact responsive to Buyck's discovery request. Accordingly, we agree with the trial court that the 33 day time period was reasonable in light of all the circumstances.
 {¶ 27} On April 27, 2005, the state filed a reciprocal motion for discovery. That motion was never answered by Buyck. Buyck failed to address or mention the state's reciprocal motion for discovery in his brief. However, Buyck's silence on this matter does not transform its effect. Just as a defendant's discovery requests are tolling events, so are the prosecution's discovery requests. State v. Bradley, 11th Dist. No. 2004-T-0080,2005-Ohio-6572.[2]
 {¶ 28} "Courts in Ohio have repeatedly held that when the State lawfully requests reciprocal discovery from the defendant and the defendant fails to comply, the speedy trial time remains tolled and is charged to the defendant under R.C. 2945.72(D)." Id. at ¶ 27 (citations omitted). As a result of the state's reciprocal discovery demand, the speedy trial clock stopped again on April 27, 2005 and never began thereafter.
 {¶ 29} Even discounting the reciprocal discovery request by the state as a time-tolling event, Buyck was tried within the statutory time period. On May 6, 2005, Buyck filed a second request for discovery. As described above, this request is a tolling event and stops the speedy trial clock until the state responds. The state answered this second discovery request on May 24, 2005. This tolled the speedy trial clock for 18 days.
 {¶ 30} Based on the above-described tolling events, the state is charged with the following days:
 {¶ 31} March 14, 2005 until March 24, 2005 for 10 days as a result of Buyck's incarceration in lieu of bail;
 {¶ 32} April 26, 2005 for 1 day as a result of a day lapse between the state's response to Buyck's second discovery request and the submission of its own reciprocal discovery demand.
 {¶ 33} This equals a total of 11 days charged to the state.
 {¶ 34} Since Buyck never responded to the state's reciprocal discovery request, the tolling period never stopped again after April 27, 2005. In order for Buyck to start the speedy trial clock again, he needed to respond to the state's discovery. He failed to do so even up to the day of trial.
 {¶ 35} However, even if the state's reciprocal discovery request is not counted as an appropriate tolling event, Buyck was still tried timely. As a result of Buyck's first discovery request, 33 days were tolled. As a result of Buyck's second discovery request, 18 days were tolled. This equals a total of 51 days tolled. Buyck was held for 128 days prior to the commencement of his trial. Applying the triple-count provision, Buyck should have been brought to trial within 90 days. The mathematical application of the tolling events, without consideration for the state's reciprocal discovery request, demonstrates Buyck was only held for 77 days chargeable to the state, i.e. 128 — 51 = 77. Therefore, Buyck was brought to trial within the appropriate statutory period considering and accounting for these tolling events even discounting the state's reciprocal discovery request as a tolling event.
 {¶ 36} Buyck's first assignment of error is without merit.
 {¶ 37} Buyck's second assignment of error states: "THE TRIAL COURT COMMITTED ERROR BY PERMITTING THE PROSECUTOR TO ARGUE THAT MR. BUYCK WAS IN POSSESSION OF THE DRUGS FOR WHICH HE WAS BEING TRIED WHEN IT HAD PREVIOUSLY ARGUED TO CONVICT — AND OBTAINED CONVICTIONS AGAINST — [sic] ANOTHER PERSON FOR POSSESSION OF THOSE SAME DRUGS."
 {¶ 38} Buyck argues that it was improper for the state to argue Buyck had possession of the drugs in question when the state had previously convicted the juvenile for possession of the same drugs. The juvenile and Buyck were both present on March 13, 2005 when the Streetsboro Police arrived at the Econo-Lodge hotel room. Buyck made statements in front of both responding police officers indicating he had left drugs in the hotel room. The facts and circumstances of the juvenile's conviction are not properly before this court, therefore, we are faced only with Buyck's convictions. We do not find it implausible for two persons to be properly convicted for possession of the same drugs.
 {¶ 39} Possession is statutorily defined as: "* * * having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).
 {¶ 40} "Possession of stolen property may be individual or joint, actual or constructive. Proof of control or dominion is essential. But control or dominion may be achieved through the instrumentality of another." State v. Wolery (1976),46 Ohio St.2d 316, 332. This possession definition is not restricted to stolen property. It is also an appropriate and applicable definition for the possession of drugs. See, State v. Mann
(1993) 93 Ohio App.3d 301, 308.
 {¶ 41} Based on these accepted definitions of possession, the trial court charged the jury with the following instruction as to the possession element for both drug charges. "Possess means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found. Two or more persons may have possession if together they have the ability to control it exclusive of others." Neither party objected to this charge.
 {¶ 42} The drugs in the instant case were found lying in a nightstand drawer in the hotel room. The nightstand was located between two beds. Buyck's personal belongings were located on one of the beds. The drugs inside the nightstand drawer were closer in proximity to the bed on which Buyck's belongings laid than to the other bed.
 {¶ 43} The mere location of the drugs in a mutually accessible location does not establish possession without additional evidence. State v. Haynes (1971), 25 Ohio St.2d 264,270. The additional evidence necessary to establish possession in this case was set forth by Buyck himself. Buyck made possessory comments in front of the police officers on scene that he left his drugs in the hotel room. Buyck indicated he was upset that his friend had consented to the search of the room for this reason. In addition, according to the police, Buyck's appearance also suggested recent use of drugs. This evidence combined with the location and nature of the drugs found during the search coincides with the definition of possession.
 {¶ 44} The juvenile's testimony at trial warranted the prosecution's challenged method of cross-examination. The juvenile had previously denied possession of the same drugs in relation to his prior day in court. His position changed at Buyck's trial when he asserted the drugs in question belonged to him alone. These are inconsistent positions by the juvenile; not the prosecution.
 {¶ 45} Based on the previous definition of possession, we cannot say that the trial court erred in allowing the prosecution to proceed with their dual possession theory of this case.
 {¶ 46} Buyck's second assignment of error is without merit.
 {¶ 47} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.
Diane V. Grendell, J., concurs, Colleen M. O'Toole, J., dissents.
[1] The sentencing judgment entry actually states Buyck "* * * entered a Written Plea of Guilty [sic] * * *." The record, however, clearly indicates Buyck entered a not guilty plea and was convicted by jury trial.
[2] The issue as to whether or not the state's reciprocal discovery request is considered a proper tolling event for purposes of speedy trial time is currently on certification to the Ohio Supreme Court. See, State v. Palmer, 11th Dist. No. 2004-P-0106, 2005-Ohio-6710 (holding the state's discovery requests are not a proper tolling event).