DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court following our November 16, 2005 decision granting appellant's application to reopen his appeal based upon a claim of ineffective assistance of appellate counsel on direct appeal.
 {¶ 2} The facts that are relevant to the issues raised on this appeal are as follows. In 2004, appellant was convicted of one count of aggravated assault and one count of attempted abduction, both fourth-degree felonies. Appellant was sentenced to 18 months imprisonment for each count with the sentences to run consecutively. This court affirmed his conviction on August 26, 2005. State v. Waite, 6th Dist. No. OT-04-051,2005-Ohio-4440.
 {¶ 3} Thereafter, appellant filed an application to reopen his appeal pursuant to App.R. 26(B), arguing that he received ineffective assistance of appellate counsel. Appellee, the state of Ohio, did not oppose appellant's application.
 {¶ 4} On November 16, 2005, this court granted appellant's application to reopen but limited our review to the issue of whether appellate counsel was ineffective for failing to raise error regarding appellant's maximum, consecutive sentences.
 {¶ 5} On reopening, appellant now presents the following assignment of error:
 {¶ 6} "I. The trial court abused its discretion when it imposed its sentence upon the defendant/appellant in that the statute upon which appellant's sentencing was based is unconstitutional."
 {¶ 7} Appellant correctly notes in his brief that shortly after this court granted his application for reopening based on his sentence, the Supreme Court of Ohio released its decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster,
the Ohio Supreme Court held that R.C. 2929.14(B) and (E) violated the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington (2004), 542 U.S. 296, and Apprendi v.New Jersey (2000), 530 U.S. 466, and ordered that those statutory sections be severed from the Ohio Revised Code. With respect to cases pending on direct review, where a trial court relied on any of the unconstitutional statutes when imposing a sentence, the sentence is deemed void, must be vacated, and the matter must be remanded to the trial court for a new sentencing hearing. Foster, ¶ 103 and ¶ 104.
 {¶ 8} The case before us was pending at the time the Foster
decision was released. Therefore, appellant's claimed error must be reviewed in light of Foster.
 {¶ 9} Appellant now argues that "* * * it is clear that the trial court in this matter relied specifically upon [the] unconstitutional statute."
 {¶ 10} In this case, while the trial court did not expressly cite R.C. 2929.14(B) and (E) at the sentencing hearing or in its judgment entry of sentencing, the reasons given for the sentences clearly were based on the sections deemed unconstitutional byFoster. In support of imposing greater than minimum sentences, the trial court stated in its judgment entry that "* * * the shortest term would demean the seriousness of the offense. The longest term is necessary because the Defendant poses greatest likelihood of recommitting; is necessary to protect the public; the harm caused to the victim is so great or unusual that a single term would no[t] adequately address the Defendant's conduct and said sentence is not disproportionate." In support of consecutive sentences, the trial court found that "* * * consecutive sentences are needed to protect the public; the harm caused is so great that a single term would not adequately reflect the seriousness of the conduct; this was the worst form of the offense * * *." Much of the language used by the trial court in support of its sentences is identical to that found in the former R.C. 2929.14(B) regarding greater-than-minimum sentences and the former R.C. 2929.14(E), which addressed the imposition of consecutive sentences.
 {¶ 11} Upon full consideration of the foregoing, this court finds that appellant's sentences were based on the severed statutes and, accordingly, appellant's sole assignment of error is well-taken.
 {¶ 12} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is reversed as to his sentences only. Appellant's sentences are vacated and this matter is remanded to the trial court for resentencing pursuant to Statev. Foster, supra. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Skow, J., Concur.