OPINION
{¶ 1} Appellant, Eddie W. Bailey ("Bailey"), appeals his convictions for driving under the influence of alcohol, a third-degree felony in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(e) and R.C. 2929.13(G)(2), and refusal to submit to chemical tests, a third-degree felony in violation of R.C.4511.19(A)(2)(a)(b). Bailey entered a no contest plea to these charges and the Portage County Court of Common Pleas found Bailey guilty of the offenses. Prior to his no contest plea, Bailey filed a motion for discharge alleging a violation of Ohio's speedy trial statute. The court overruled the motion. Bailey timely appeals. For the reasons stated in this opinion, we affirm the trial court's ruling.
 {¶ 2} Bailey asserts a single assignment of error for our review:
 {¶ 3} "[1.] The trial court's overruling of Defendant's motion for discharge, alleging violation of Ohio's speedy trial requirements was error. Defendant is entitled to discharge for the Court's failure to schedule his trial within the time requirements set forth in Ohio R.C 2945.73 (C), (2) [sic]."
 {¶ 4} Bailey was arrested on March 18, 2005 for driving under the influence of alcohol. On March 24, 2005, a grand jury indicted Bailey for driving under the influence of alcohol and refusal to submit to chemical tests. Due to Bailey's inability to post bond, he remained incarcerated during this time and onward. The matter was set for trial on July 12, 2005. On that date, the trial court overruled Bailey's motion for discharge finding no violation of Ohio's speedy trial statute. The following day, the court accepted Bailey's no contest plea on both counts and found him guilty.
 {¶ 5} Bailey's single assignment of error challenges the trial court's denial of the motion to dismiss as improper. "The standard of review of a speedy trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71." State v.Blumensaadt (Sept. 21, 2001), 11th Dist. No. 2000-L-107, 2001 Ohio App. LEXIS 4283, 17. This review involves an independent analysis of both law and fact. State v. Sanchez,162 Ohio App.3d 113, 2005-Ohio-2093, at ¶ 7. "To determine whether the state has violated a defendant's right to a speedy trial, a court weighs the length of the delay, the reasons for it, the defendant's timeliness and manner of asserting this right and whether the defendant has suffered cognizable prejudice." Statev. Burgess, 11th Dist. No. 2003-L-069, 2004-Ohio-4395, at ¶ 31, citing State v. Broughton (1991), 62 Ohio St.3d 253, 256.
 {¶ 6} R.C. 2945.71, more commonly known as Ohio's speedy trial statute, provides in part:
 {¶ 7} "* * * (C) A person against whom a charge of felony is pending:
 {¶ 8} "* * *
 {¶ 9} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest.
 {¶ 10} "* * * (E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."
 {¶ 11} Bailey was arrested on March 18, 2005. The speedy trial clock began to run against the state on March 19, 2005, the day following Bailey's arrest. See, Crim.R. 45(A), see, also,State v. Stamps (1998), 127 Ohio App.3d 219, 223. Due to Bailey's inability to post bond, he was held in jail in lieu of bond while awaiting trial. This invoked the triple-count provision pursuant to R.C. 2945.71(E).
 {¶ 12} On July 8, 2005, Bailey filed his motion for discharge. From the first day post-arrest, March 19, 2005 to July 8, 2005 equals 111 days. Therefore, Bailey has established a prima facie case for dismissal as a result of the state's failure to bring him to trial within 90 days. See, State v. Collins
(1993), 91 Ohio App.3d 10, 15. However, there are certain tolling events which will stop the speedy trial clock. See, R.C. 2945.72. It is the state's responsibility to prove that Bailey was brought to trial timely after the application of these tolling events. See, Collins, supra.
 {¶ 13} R.C. 2945.72 provides the following for tolling events applicable in the case at bar:
 {¶ 14} "* * * (D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 15} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused."
 {¶ 16} On March 25, 2005, Bailey sent a request for discovery via a letter to the prosecutor. Bailey did not file this letter with the court. "A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." State v.Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, at syllabus. Following a demand for discovery, the speedy trial time remains tolled until the state responds to the request. State v. Benge (Apr. 24, 2000), 12th Dist. No. CA99-05-095, 2000 Ohio App. LEXIS 1782, 4.
 {¶ 17} Despite Bailey's attempt to circumvent the tolling period through the guise of a letter to the prosecutor in lieu of a formal request, the request is nonetheless considered a proper tolling event. State v. Brown, 11th Dist. No. 2003-A-0092,2005-Ohio-2879, at ¶ 36. "We do not see that a distinction should be made between formal, filed requests and informal requests sent to the prosecutor's office." Id. The rationale for this parallel treatment is that both requests "* * * divert the attention of prosecutors from preparing their case for trial, thus necessitating delay." Id. at ¶ 36, quoting Brown, supra, 2002-Ohio-7040, at ¶ 23.
 {¶ 18} The state responded to Bailey's discovery request on July 7, 2005. This equates to a delay of 104 days. Although a request for discovery acts as a tolling event until such time as the state responds to the request, the response time must be reasonable. State v. Gibson, 11th Dist. No. 2002-T-0055,2003-Ohio-5695, at ¶ 22. Reasonableness depends on the circumstances of each case. At the very least, this court has upheld a response time of thirty days as reasonable. See, Statev. Green, 11th Dist. No. 2003-A-0111, 2005-Ohio-6715, at ¶ 30. However, response times beyond thirty days have also been upheld as reasonable. See, Gibson, supra; see, also, Brown,2005-Ohio-2879, supra. In the instant case, even if we were to allow the state only 30 days of the 104 it actually took to respond to Bailey's discovery request and then start the speedy trial clock again, Bailey was still brought to trial within the required 90-day window.
 {¶ 19} Bailey filed the motion for discharge on July 8, 2005. This tolled the speedy trial clock pursuant to R.C. 2945.72(E). If we allow the state 30 days of their 104 days to respond to Bailey's discovery request as a reasonable time, Bailey was brought to trial within 90 days. Specifically, allowing 30 days as a reasonable response time for the state, would correspond to Bailey being brought to trial within 81 days, clearly within the 90 day window pursuant to R.C. 2945.71(E).
 {¶ 20} Bailey's single assignment of error is without merit.
 {¶ 21} For the reasons stated in the Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., concurs, COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.