OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the decision of the Belmont County Court, Eastern Division which granted defendant-appellee's motion to dismiss on speedy trial grounds. We must determine whether ninety days had passed by the time appellee filed her dismissal motion. For the following reasons, the judgment of the trial court is hereby affirmed.
 STATEMENT OF THE CASE {¶ 2} On February 9, 2006, the Bellaire Police Department arrested appellee on four counts of misdemeanor child endangering. She was arraigned in the Belmont County Court, Eastern Division. The court set appellee's bond at $4,000 and required a current address before her release on bond.
 {¶ 3} On February 22, 2006, appellee filed a demand for discovery. The state responded the same day.
 {¶ 4} A pretrial was held on March 2, 2006. At this hearing, the court orally reduced appellee's bond to recognizance. However, the accompanying entry failed to mention the reduction of the bond to recognizance. On March 9, 2006, the court filed an entry releasing appellee on a recognizance bond.
 {¶ 5} That same day, appellee filed a motion to suppress. The suppression hearing was conducted on March 30, 2006, after which the court granted her motion to suppress.
 {¶ 6} Just before the April 20, 2006 trial, appellee filed an oral motion to dismiss on speedy trial grounds. The court sustained her motion and dismissed the case. The state filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 7} The state's sole assignment of error provides:
 {¶ 8} "THE TRIAL COURT IMPROPERLY COMPUTED SPEEDY TRIAL, AS THE DATE OF APRIL 20, 2006 WAS WITHIN THE LIMITES [SIC] SET BY OHIO REVISED CODE SECTION 2954.71."
 {¶ 9} In a two page brief, the state claims that on the trial date of April 20, 2006, only eighty-seven days had elapsed. To the contrary, appellee urges that ninety-one days had elapsed. In resolving the conflict between those positions, we must address four main issues.
 {¶ 10} First, the state does not count the date of appellee's arrest, whereas appellee counts the day of her arrest as triple time. Second, the state contends that appellee's discovery demand tolled the triple time running for at least one day. Appellee responds that since the state responded to her demand the same day it was filed, no tolling occurred. She states that the mere filing of a discovery demand does not trigger tolling; rather, time is only tolled if there is actual delay caused, citingState v. Sanchez, 162 Ohio App.3d 113, 2005-Ohio-2093.
 {¶ 11} Third, the state includes the date recognizance was granted as triple time, but appellee does not include it as triple time (to her own detriment). Fourth, the state's calculation assumes that triple time stopped on March 2, the date the recognizance bond was orally granted. However, the March 2 entry which was sent to the jail did not contain orders of a recognizance bond.
 LAW ANALYSIS {¶ 12} The child endangering offense with which appellant was charged was a first degree misdemeanor. R.C. 2919.22(A), (E)(1), (2)(a). A person charged with a first degree misdemeanor must be brought to trial within ninety days after the person's arrest or the service of summons. R.C. 2945.71(B)(2). Each day the defendant is held in jail in lieu of bail is counted as triple time. R.C. 2945.71(E).
 {¶ 13} However, as we have previously held, the day of arrest does not count against the speedy trial time. State v. Turner,
7th Dist. No. 93CA91, 2004-Ohio-1545, ¶ 23. As the state posits, Crim.R. 45(A) provides:
 {¶ 14} "In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included."
 {¶ 15} Furthermore, R.C. 1.14 states in pertinent part that "[t]he time within which an act is required by law to be done shall be computed by excluding the first and including the last day * * *." As such, the day of arrest is excluded from the count. Turner, 7th Dist No. 93CA91. See, also, State v. Jones
(1997), 119 Ohio App.3d 59, 64, fn. 7 (11th Dist.); State v.Lautenslager (1996), 112 Ohio App.3d 108, 110 (3d Dist.); Statev. Steiner (1991), 71 Ohio App.3d 249, 250-251 (8th Dist.). As a matter of law, we thus begin counting triple time from February 10, the day after appellee's arrest.
 {¶ 16} Moreover, the day a person is released on bond is counted as a day in jail for triple time purposes. State v.Madden, 10th Dist. No. 04AP-1228, 2005-Ohio-4281, ¶ 31; Statev. Brown, 11th Dist. No. 2003-A-92, 2005-Ohio-2879, ¶ 22, citingJones, 119 Ohio App.3d at 64. Thus, the state calculates that from February 10 through the recognizance bond granted on March 2, twenty-one days passed at triple time for a total of sixty-three days. The state adds six days at single time for March 3 through March 8 for a total of sixty-nine days.
 {¶ 17} On March 9, 2006, appellee filed a motion to suppress. Under R.C. 2945.72(E), a motion to suppress is clearly an automatic tolling event. See State v. Santini (2001),144 Ohio App.3d 396, 405 (7th Dist.). Accordingly, the parties do not dispute that the statute was tolled from March 9 through March 30, 2006, the date the court granted the suppression motion.
 {¶ 18} Time then resumed on March 31, 2006. From then until April 20, the day of appellee's speedy trial dismissal motion and also the day set for trial, twenty-one days elapsed. This all amounts to exactly ninety days.
 {¶ 19} We note that the state reduces this count to eighty-seven days by arguing that appellee's February 22, 2006 discovery demand tolled the time by that one day it took them to respond. Speedy trial time is tolled by any period of delay necessitated by reason of a motion, proceeding or action made or instituted by the defendant. R.C. 2945.72(E). In accordance, the Supreme Court has held that a demand for discovery or a bill of particulars is a tolling event. State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, ¶ 22, 26. Yet, appellee contends that it is not still a tolling event when the state responds on the same day the discovery demand is filed.
 {¶ 20} Although the Sixth District case cited by appellee stated that the filing of the discovery request does not trigger the tolling (rather the delay does), that court then concluded that the time was in fact tolled while the state was afforded a reasonable time within which to respond to the discovery motions.Sanchez, 162 Ohio App.3d 113, at ¶ 16. Moreover, this court has stated that the issue is not whether the discovery motion causes delay but whether it tolls the time. Turner, 7th Dist. No. 93CA91 at ¶ 24. Either way, the discovery request would at least toll the time for one day, even where the state's response was dated that day. The state's case preparation was delayed by that one day, which obviously represented a reasonable time to prepare. See Sanchez, 162 Ohio App.3d 113, at ¶ 13-16. Finally, in the Supreme Court's Brown case, the Court tolled the time for responding to the discovery demand even where the trial date had already been set and was not changed as a result of the demand. Brown at ¶ 2. Thus, triple time would have been tolled for the day of February 22, 2006.
 {¶ 21} We note, however, that the state did not raise this argument before the trial court. Appellee met her initial burden of showing that over ninety days passed in general. See State v.Butcher (1986), 27 Ohio St.3d 28, 31 (defendant need only make prima facie case). The burden then fell upon the state. See id. See, also, State v. Barnes (May 19, 2000), 7th Dist. No. 98CO86 (pointing out that the state has the burden to establish any tolling of the statute). Here, the state tried to meet its burden by raising tolling events such as the suppression motion. (The state also raised an argument on the withdrawal of defense counsel as tolling time but abandoned this argument on appeal.) Not once did the state mention time being tolled in order to respond to a discovery demand.
 {¶ 22} Nevertheless, even if the count is suspended for the day of the discovery demand and the accompanying state's response (which would reduce the state's count to eighty-seven days), there is an issue regarding the time between the granting of the March 2 recognizance bond and the March 9 suppression motion. That is, there is a question as to whether March 3 through March 8 count as six days using single time or eighteen days using triple time. Contrary to the state's assumption, it appears that appellee was incarcerated on these charges after the oral granting of recognizance.
 {¶ 23} At the dismissal hearing, the state admitted that appellee was not released until March 9, 2006. However, the state believes that the triple time stopped running on March 2 when the court orally granted recognizance. (The state did not and does not contest the application of triple time before the oral recognizance.) The state expressed a belief that the only reason appellee remained incarcerated after March 2 was due to charges in another court.
 {¶ 24} We first note the absence of any evidence on her incarceration on other charges. The assistant prosecutor's expression of a belief is not evidence. See, e.g., State v.Brown, 7th Dist. No. 03MA32, 2005-Ohio-2939, ¶ 29 (discounting the prosecutor's mere statements regarding a parole holder, but finding defense counsel acknowledged the existence of the holder).
 {¶ 25} Furthermore, although the court orally reduced appellee's bond to recognizance on March 2, the court's accompanying March 2 entry failed to grant recognizance or even mention bond. The court speaks only through its journal entries, not mere oral pronouncements. See, e.g., State ex rel. Indus.Comm. v. Day (1940), 136 Ohio St. 477, syllabus ¶ 1. The court's subsequent entry granting recognizance on March 9 further demonstrates the failure to officially grant recognizance on March 2.
 {¶ 26} Since March 9 was both the date of the entry and the date appellant was admittedly released from jail, the state's claim that she was no longer incarcerated on these charges after March 2 can be discounted. Because speedy trial is a constitutional right and a mandatory statutory requirement, the provisions are strictly construed against the state. State v.Singer (1977), 50 Ohio St.2d 103, 109. Here, the trial court could reasonably construe the disputed facts in appellee's favor after considering the arguments put forth. We shall not disturb that construction.
 {¶ 27} Thus, the six days from March 3 through March 8, which the state counted as single time, shall be counted at triple time, adding twelve more days to the count. This pushes the total time awaiting trial to over ninety days, even if one of the triple time days was tolled for the discovery demand.
 {¶ 28} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.