[Cite as *State v. Perkins*, 2022-Ohio-2841.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TODD PERKINS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0073**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 19 CR 356

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed, Vacated, and Remanded.

---

*Atty. Paul Gains*, Mahoning County Prosecutor, *Atty. Edward A. Czopur,* Assistant Prosecutor, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Lynn A. Maro, Atty. John B. Juhasz,* 7081 West Boulevard, Suite 4, Youngstown, Ohio 44512, for Defendant-Appellant.

Dated:
August 11, 2022

**Donofrio, P. J.**

{¶1}   Defendant-Appellant, Todd W. Perkins, appeals from a Mahoning County Common Pleas Court judgment accepting his no contest plea to two counts of rape in violation of R.C. 2907.02(A)(2)(B), felonies of the first degree. He was sentenced to mandatory terms of eight years in prison for the first count of rape and seven years in prison for the second. The sentences were run consecutively and appellant's total sentence was 15 years in prison.

{¶2}   On January 26, 2017, appellant was charged in a secret indictment in Case Number 2017 CR 81 for the rape of his then less than five-year-old daughter, C.P., in violation of R.C. 2907.02(A)(1)(b) and R.C. 2907.02(B), a first-degree felony. He was also charged with gross sexual imposition (GSI) of C.P. in violation of R.C. 2907.05(A)(4) and 2907.05(C)(2), a third-degree felony. Appellant was arraigned on these charges on January 31, 2017. The charges were dismissed on June 11, 2019 as a secret indictment in the instant case was filed which included those charges and additional charges.

{¶3}   On May 9, 2019, a Mahoning County Grand Jury  indicted appellant on five counts of rape in violation of R.C. 2907.02(A)(1)(b) and (B) (Counts 1, 3, 4, 5, 6, 7), and two counts of GSI in violation of R.C. 2907.05(A)(4) and R.C. 2907.05(C)(2) (Counts 2 and 8). The indictment alleged that appellant committed Count 1 (rape) and Count 2 (GSI) between October 29, 2015 and October 29, 2016 against C.P., who was born in 2012. Counts 3, 4, 5, and 6 alleged that appellant committed rape against O.P., born in 2001, from August 10, 2009 through August 9, 2011, and from August 10, 2011 through August 9, 2014. Count 7 alleged that appellant committed forcible rape against O.P. on or about August 10, 2014 through November 30, 2016, and Count 8 alleged that appellant committed GSI against O.P. between August 10, 2009 and August 9, 2014.  The original indictment against appellant was dismissed on June 11, 2019.

{¶4}   Appellant retained counsel and initially pled not guilty to these charges.

{¶5}  On February 18, 2020, appellant, through counsel, filed a motion to sever trials, asserting that both of the victims were his daughters and the offenses occurred at substantially different times. He argued that prejudice would occur if the trials were joined because the jury could consider evidence of one alleged crime to infer his criminal disposition in the other. The State opposed the motion. On February 28, 2020, the trial court overruled the motion. Appellant filed a request for reconsideration of the ruling on his motion to sever trials. After a pretrial, the court overruled the motion.

{¶6}  On May 5, 2021, five days before trial, the trial court held a hearing and the State represented that the parties had negotiated a plea agreement. The State indicated that it would amend Counts 1 and 3 to become the force versions of rape under R.C. 2907.02(A)(2)(B), and it would dismiss all other counts.

{¶7}  The State also represented that appellant would plead no contest to the amended charges. The prosecution admitted that the no contest plea was "a little bit out of the ordinary," and joined the defense's request for a presentence investigation.  (May 5, 2021 Tr. at 3). Defense counsel stated:

> Your, Honor, everything that Miss McLaughlin has stated that
> would be our understanding of what's going to occur today, is
> correct. I'm going to start, however, by - - again, this is a waiver
> of argument for the same arguments made. I am then now going
> to move that the trial is to be conducted as separate trials and
> these trials not be joined.

(May 5, 2021 Tr. at 4). The trial court overruled the motion. (May 5, 2021 Tr. at 4). Defense counsel stated that since the motion was overruled, appellant "will and is ready to tender pleas of no contest to the charges that remain for purposes of me [sic] serving that singular issue for purposes of appeal." (May 5, 2021 Tr. at 5).

{¶8}  The court then engaged in a plea colloquy with appellant and reviewed his rights and the maximum penalties that he was facing, as well as post-release control. (May 5, 2021 Tr. at 7-8).  The trial court asked if appellant was making the plea freely and voluntarily, and he answered yes. (May 5, 2021 Tr. at 8-9). Appellant affirmed that everything in the plea agreement had been fully explained to him by the court and his

counsel, he had read through the document with counsel, and the signature on the document was his. (May 5, 2021 Tr. at 9-10). He stated that he had no questions and he was not under the influence of drugs or alcohol. (May 5, 2021 Tr. at 9-10).

{¶9}     When asked how he pled to the charges of two counts of rape in violation of R.C. 2907.02(A)(2)(b) appellant responded, "No contest, Your Honor." (May 5, 2021 Tr. at 10). The State then presented the facts that it would have proven at trial.

{¶10}     After giving the defense an opportunity to respond, which was declined, the court accepted appellant's no contest plea to the amended charges based upon the facts presented in the record. (May 5, 2021 Tr. at 13). The court's judgment entry reflected the amendment of the indictment as represented at the hearing.

{¶11}     On June 14, 2021, appellant filed a motion to withdraw his plea. He stated that he was not alleging that the trial court failed to properly admonish him or that the plea agreement was not accurate. Rather, he asserted that not severing trials was highly prejudicial and he "has always maintained that he is not guilty, and continues with that belief." Appellant stated that he had brain surgery and the pressure of the circumstances caused him "tremendous confusion and disruption of his thought process." He "describes such great confusion during the time period while consulting with counsel and immediately prior to his plea as to have experienced a momentary loss of thought, and confusion on the manner of proceeding."

{¶12}     Appellant attached a June 14, 2021 letter to his counsel from a licensed social worker (LISW) at the Center for Behavioral Health. The LISW wrote that appellant presented on May 4, 2021 and was diagnosed with general anxiety disorder. He advised that appellant told him that he had a subdural hematoma and Dr. Kohli performed a burr hole craniotomy to evacuate and drain the hematoma. The LISW wrote that appellant stated that he was having difficulties coping with life and he was experiencing excessive anxiety and worry.

{¶13}     The LISW further noted that appellant's primary care doctor, Dr. Buccino, indicated that appellant was suffering from memory loss. The LISW stated: "[t]here is alleged psychogenic dissociative amnesia, memory loss amnesia of certain times [sic] periods and sensing being detached from self and emotions. Mr. Perkins continues under

the care of Dr. Buccino and should not be exposed to any stressful situations for at least several months."

**{¶14}** The State opposed the motion to withdraw the plea, explaining that appellant had filed numerous motions and had not before raised the issue of his competency. The State also pointed out that during the hearing where they reviewed appellant's rejected plea offers, no issues were raised about his confusion. The prosecution also noted that no such issues were raised during the plea colloquy, where appellant was represented by experienced counsel who reviewed the plea agreement with the no contest modifications, and appellant had initialed every page.

**{¶15}** The trial court held a hearing on appellant's motion to withdraw his plea on June 16, 2021, right before sentencing. After this hearing, the court denied the motion and proceeded to the sentencing hearing. The victims' mother made a statement, as well as appellant. After hearing argument and testimony, the court sentenced appellant to a mandatory term of eight years in prison on the first rape count and a mandatory term of seven years in prison on the second rape count. The court ran the sentences consecutively for a total of 15 years in prison.

**{¶16}** On July 20, 2021, appellant filed a notice of appeal to this Court asserting five assignments of error. We address his assignments of error out of chronological order.

**{¶17}** In his fourth assignment of error, appellant asserts:

> **Appellant Was Denied a Speedy Trial in Violation of U.S. Const., amend. VI and XIV, Ohio Const., Art. 1§ 10, and the Speedy Trial Act of 1974, R.C. 2945.71 et seq.**

**{¶18}** Appellant asserts that his speedy trial rights were violated because he was not brought to trial on the 2017 indictment within the required time period. He states that he was arrested on January 30, 2017 and stayed in jail until February 15, 2017. He contends that he was entitled to three days for every day that he spent in jail and he calculates that 48 days elapsed, since he was held in jail for 16 days. Subtracting 48 days from the 270 days in which he was required to be brought to trial leaves 222 days for the State to bring him to trial. Appellant contends that his 2017 speedy trial waiver does not apply to the indictment in the 2019 case and therefore the charges relating to C.P. in both indictments were subject to the speedy trial clock which began on January 31, 2017.

Appellant does not challenge speedy trial as to O.P. in the 2019 indictment. He also asserts that tolling events in the 2017 case do not apply to the 2019 case relating to C.P.

{¶19} Appellee asserts that this Court should decline review of this assignment of error because appellant waived the issue as he concedes that neither he nor his counsel challenged the issue of speedy trial in the 2017 or in the 2019 case. Appellee cites to our decision in *State v. Hergendroder*, 7th Dist. Columbiana No. 07 CO 17, 2008-Ohio-24120, citing *State v. Trummer*, 114 Ohio App.3d 456, 470-471, 683 N.E.2d 392 (7th Dist. Columbiana 1996), and cites to *State v. Turner*, 168 Ohio App.3d 176, 2006-Ohio-3786, 858 N.E.2d 1249, ¶ 21 (5th Dist. Licking 2006).

{¶20} We find that appellant has waived the speedy trial issue on appeal. He does concede that his counsel failed to challenge this issue. (Appellant's Br. at 32-33). This Court "ha[s] consistently held that a defendant's failure to file a motion to dismiss on speedy-trial grounds constitutes a waiver of the issue on appeal." *State v. Wallace*, 7th Dist. Mahoning No. 19 MA 0093, 2021-Ohio-3303, ¶ 20, quoting *State v. Mock*, 7th Dist. No. 08 MA 94, 187 Ohio App.3d 599, 2010-Ohio-2747, 933 N.E.2d 270, (7th Dist.), ¶ 15; citing *State v. Turner*, 168 Ohio App.3d 176, 2006-Ohio-3786, 858 N.E.2d 1249, (5th Dist.), ¶ 21; *State v. Trummer*, 114 Ohio App.3d 456, 470-471, 683 N.E.2d 392 (7th Dist.1996). We have held that "[e]ven if an appearance of a violation of R.C. 2945.71 appears on the face of the record, the failure to raise the question of such a violation denies the appellee the opportunity to establish that tolling of the statute occurred." *Turner* at ¶ 22. Consequently, "[t]he proper approach is the filing of a postconviction-relief petition alleging ineffective assistance of counsel." *Id.*

{¶21} However, even if we address this issue, appellant's assignment of error is without merit. Appellant cites to a number of cases in asserting that his speedy trial waiver and the tolling events in the 2017 case do not apply to the 2019 charges and case relating to C.P. He cites *State v. Adams*, 43 Ohio St.3d 67, 70, 538 N.E.2d 1025 (1989), where the Ohio Supreme Court held that a defendant's speedy trial waiver as to an initial charge does not apply to additional charges stemming from the same set of facts brought subsequent to the execution of the waiver.

{¶22} He also cites to our decision in *State v. Carter*, 7th Dist. Mahoning No. 03-MA-245, 2005-Ohio-1347, where we held that a defendant's speedy trial rights were

violated when the State originally indicted him on four counts of felonious assault with four firearm specifications and then re-indicted him four days before trial with different firearm specifications. We found that the State's re-indictment on the new firearm specifications required different penalties and proof of different elements, and therefore had the same effect as a new charge. *Id.* at ¶ 22. We thus held that the State violated the defendant's speedy trial rights when it re-indicted him in order to amend the firearm specifications. *Id.*

**{¶23}** Interestingly, appellee concedes that appellant's waiver of speedy trial in the 2017 indictment does not apply in the 2019 indictment.[1] Accordingly, we will not address this particular issue. In any event, appellee asserts that no speedy trial violation occurred because the many tolling events in the 2017 case extended to the 2019 indictment as to the charges relating to C.P. We agree.

**{¶24}** The Sixth Amendment to the U.S. Constitution guarantees an accused the right to a speedy trial. Section 10, Article I of the Ohio Constitution also guarantees this right. This Court's review of a speedy trial claim is a mixed question of law and fact. *State v. Martin,* 7th Dist. Mahoning No. 20 MA 0044, 2021-Ohio-3163, ¶ 18, quoting *State v. Baker,* 7th Dist. Mahoning No. 19 MA 0080, 7023, 2020-Ohio-172, ¶ 98.

**{¶25}** We set forth the standard of review for speedy trial issues in *State v. High*, 143 Ohio App.3d 232, 241-242, 2001-Ohio-3530, 757 N.E.2d 1176:

> Our standard of review of a speedy trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71. *Oregon v. Kohne*, (1997), 117 Ohio App.3d 179, 180, 690 N.E.2d 66, 67; *State v. DePue*, (1994), 96 Ohio App.3d 513, 516, 645 N.E.2d 745, 746–747 (4th Dist. 1994).

---

1 It is noted that the charges relating to C.P. in the 2017 indictment and the 2019 indictment are the same. While appellee concedes that appellant's speedy trial waiver in the 2017 case does not apply to the charges in the 2019 case, it appears that this Court has held to the contrary in a number of cases. We have ruled that a defendant's speedy trial waiver in an original indictment can extend to a superseding indictment when the defendant is fully aware of the charged offenses when he executed the speedy trial waiver, and the superseding indictment alleges the same offense and does not change the identity of the offense or the nature of the defense. *See State v. Downs,* 7th Dist. Mahoning No. 15 MA 0170, 2017-Ohio-1014, 86 N.E.3d 787, ¶ 43; *State v. Sloane,* 7th Dist. Mahoning No. 06 MA 144, 2009-Ohio-1175; *State v. Clark*, 7th Dist. Mahoning No. 04 MA 246, 2006-Ohio-1155, ¶ 17-19.

> * * * Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. *Id.* However, we must independently review whether the trial court properly applied the law to the facts of the case. *Id.* Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. *Id.*, citing *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 708–709.

{¶26} Under R.C. 2945.71(C)(2), the state must bring a person charged with a felony to trial within 270 days after his arrest. If the accused is held in jail in lieu of bail on the pending charge, then each day he is held in jail counts as three days. R.C. 2945.71(E). This is known as the "triple-count" provision. The parties agree that this provision applies, although they dispute the number of days that should count.

{¶27} Appellant presents no specific challenges to calculations, dates, or specific tolling events in his brief. Nor does he present any calculations or dates to show a speedy trial violation, beyond stating that he was not brought to trial within the 222 days that the State had left to try him before his speedy trial rights expired. Appellant presents only a general challenge that his 2017 speedy trial waiver does not apply to the 2019 indictment concerning C.P. He also asserts that the 2017 tolling events do not toll in the 2019 case: "[j]ust as a waiver of speedy trial does not apply to a subsequent charge, the filing of motions or other tolling events do not apply to a subsequent charge not yet in existence when the tolling events occurred."

{¶28} Appellant cites a host of cases, but most concern whether prior speedy trial waivers apply to subsequent indictments and cases. These cases do not directly address tolling events. *See State v. Blauvelt*, 12th Dist. Butler Nos. 06-CRB-8391, 06-CRB-8392, 2007-Ohio-5897 (speedy trial waiver in original indictment does not extend to subsequent indictment when original indictment was dismissed and subsequent indictment adds omitted element of the offense); *State v. Wisniewski*, 8th Dist. Cuyahoga No. 77152, 2000 WL 1689714, *5-6 (Nov. 9, 2000) (speedy trial waiver in original indictment with defective charges did not extend to subsequent indictment with corrected

defects); *State v. Carter*, 10th Dist. Cuyahoga No. 97APA08-976, 1998 WL 151108, at *4-7 (Mar. 31, 1998) (speedy trial waivers in prior cases do not apply to subsequent case when subsequent case brings new charges under same set of facts); *State v. Clark*, 107 Ohio App.3d 141, 150-154, 667 N.E.2d 1262 (2nd Dist. 1995) (specifications in second indictment dismissed as they were new and additional charges of which State was aware at initial indictment even though arose from same facts as original indictment).

**{¶29}** Appellant also relies upon *State v. Blackburn*, 118 Ohio St.3d 163, 167, 2008-Ohio-1823, 887 N.E.2d 319, but this case counters his assertion that the tolling events in his 2017 case do not toll speedy trial as to the same charges regarding C.P. in 2019. In *Blackburn*, the defendant was charged with the illegal conveyance of drugs into prison on December 17, 2004 and he spent one day in jail. *Id.* at ¶ 2. That charge was dismissed and a new indictment issued charging him with the same offense as the prior indictment, and added a conspiracy charge. *Id.* at ¶ 3-4. Blackburn requested discovery on March 7, 2005, and the State responded on March 25, 2005. *Id.* at ¶ 4. Blackburn also filed a motion to continue, which included speedy-trial waiver language for the time period granted for the motion to continue. *Id.* at ¶ 5. The trial court granted the motion. *Id.* On December 5, 2005, the State requested dismissal of the indictment, which the court granted. *Id.* at ¶ 6.

**{¶30}** On February 6, 2006, Blackburn was indicted on the prior conspiracy count and two counts of felony drug trafficking. *Id.* at ¶ 7. The parties agreed that the offenses in the new indictment stemmed from the same facts as the original charge and therefore the time for speedy trial calculation dated back to that arrest. *Id.* The trial court granted Blackburn's motion to dismiss this indictment because he was not brought to trial within 270 days. *Id.* at ¶ 8. The court held that 301 days elapsed since the December 17, 2004 arrest and this included delays from his motions in the second case. *Id.*

**{¶31}** The Supreme Court of Ohio held that the speedy trial timetable from the first indictment and arrest, plus any tolling events, applied to the second. *Id.* at ¶ 11-23. The Court distinguished *Adams* because it was a rule that applied only to speedy trial waivers, not tolling events. *Id.* The *Blackburn* Court held that "periods of delay resulting from motions filed by the defendant in a previous case also apply in a subsequent case

Case No. 21 MA 0073

in which there are different charges based on the same underlying facts and circumstances of the previous case." *Id.* at ¶ 23.

**{¶32}** We applied *Blackburn* in *State v. Canty*, 7th Dist. Mahoning No. 08-M-156, 2009-Ohio-6161, and found that:

> *Blackburn* has left us with the following rules of speedy trial calculation:
>
> (1) When a defendant intentionally waives his right to speedy trial in one case, the waiver does not apply in a subsequent case based on the same facts and circumstances as the first case; (2) When a defendant files a motion in one case that statutorily tolls the speedy trial time, this statutory tolling does apply in a subsequent case based on the same facts and circumstances; and (3) The tolling provisions of R.C. 2945.72 automatically apply regardless of whether the defendant also waives time.

**{¶33}** Applying *Blackburn* and *Canty* to the instant case, we find that the original speedy trial date applies and the tolling events in the 2017 case apply to appellant's 2019 case concerning charges relating to C.P. Applying those tolling events, R.C. 2945.72 provides that:

> The time within which an accused must be brought to trial, or, in the case of a felony, to preliminary hearing and trial, may be extended only by the following:
>
> (A) Any period during which the accused is unavailable for hearing or trial;
>
> * * *
>
> (B) Any period during which the accused is mentally incompetent to stand    trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;
>
> * * *
>
> (D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

　　* * *

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused own motion;

　　* * * .

**{¶34}** Appellant's 2017 indictment contained charges of rape and GSI as to C.P. The 2019 charges as to C.P. were the same. Appellant was arrested on those charges on January 30, 2017 and held in jail until February 15, 2017. However, both he and the State filed discovery motions on February 10, 2017, which the court granted on February 13, 2017. The court thereafter granted appellant bond on February 15, 2017 and appellant signed a speedy trial waiver.

**{¶35}** Thus, the speedy trial clock started running on January 31, 2017, the day after appellant's arrest, and stopped on February 10, 2017, when he filed a discovery motion. R.C. 2945.72(E). Accordingly he is entitled to 33 days of triple-count time (11 days X 3) since his discovery motion tolled the speedy trial clock.

**{¶36}** While the court actually granted the discovery motion on February 13, 2017 and indicated that appellee was to respond within 21 days, the State provided an information packet of discovery materials to appellant on February 10, 2017, the same date that he filed his discovery motion. This Court has held that even when the State provides the information packet of discovery on the same day as a defendant's discovery request, the discovery request tolls the speedy trial clock for that one day. *State v. Catlin*, 7th Dist. No. 06 BE 20, 2006-Ohio-6247, at ¶ 20. We held that the prosecution's ability to prepare the case was delayed by one day, which is a reasonable time to prepare. *Id.* citing *State v. Sanchez*, 162 Ohio App.3d 113, 2005-Ohio-2093, 832 N.E.2d 1215, at ¶ 13-16. We noted the Ohio Supreme Court's reasoning in *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, ¶ 23, that "discovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating

Case No. 21 MA 0073

delay." Accordingly, the speedy trial clock also tolled for one day in this case, on February 11, 2017.

**{¶37}** Appellee also filed a motion for discovery on February 10, 2017, and asserts in its brief that appellant never responded. "[A] defendant's failure to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D)." *State v. Whaley,* 7th Dist. No. 09 CO 30, 2010-Ohio-4853, ¶ 37 quoting *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶ 24. Appellant does not address this issue and no evidence of discovery propounded upon appellee by appellant is located in the record or on the docket. Thus, the speedy trial clock could be tolled for at least a reasonable time. *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011 ("a trial court shall determine the date by which the defendant should reasonably have responded to a reciprocal discovery request based on the totality of facts and circumstances of the case, including the time established for response by local rule, if applicable." *State v. Mango*, 8th Dist. No. 103146, 2016-Ohio-2935, ¶ 21 (30 days is reasonable period). However, this issue need not be determined because another tolling event was filed well within the "reasonable" time period. *See State v. Sims*, 7th Dist. Mahoning No. 16 MA 0084, 2018-Ohio-2916, ¶ 26.

**{¶38}** Thus, the clock started running again on February 12, 2017 and ran until February 15, 2017, when the pretrial hearing was held. (Feb. 27, 2017 J.E.). Another 4 days are counted in the triple-count provision as the clock was running and appellant was still in jail. Accordingly, the 33 prior days and another 12 days (4 days X 3) came off of the clock, totaling 45 days.

**{¶39}** At the February 15, 2017 pretrial and bond hearing, the court granted bond and indicated that defense counsel made a motion to continue the jury trial, which had been set for March 6, 2017. The court continued the trial. This motion for continuance is attributed to appellant and therefore tolls the clock. R.C. 2945.72(H). Appellant also signed a speedy trial waiver during this hearing, but due to appellee's concession, this Court does not apply the waiver here.

**{¶40}** Moving forward, the speedy trial clock tolled from February 15, 2017 to April 4, 2017, when the court held a pretrial with all parties present. At the pretrial, the court

indicated that the parties requested a continuance of the trial date due to ongoing discovery. (Apr. 12, 2017 J.E.). Joint motions for a continuance toll a defendant's speedy trial because they are attributable to both parties. *State v. Mitchell*, 7th Dist. Mahoning No. 06-MA-69, 2008-Ohio-645, ¶ 28, citing *State v. Brown*, 7th Dist. Mahoning No. 03-MA-32, 2005-Ohio-2939, at ¶ 44, citing *State v. Davis*, (June 30, 1999), 7th Dist. Mahoning No. 98-CA-97. Thus, the clock was tolled from April 4, 2017 throughout April, May, and up to June 30, 2017, when another pretrial was held.

**{¶41}** On June 30, 2017, the court held another pretrial hearing with all parties present, and a jury trial was scheduled for December 11, 2017, a pretrial hearing was scheduled for October 13, 2017 and a final Rule 11 hearing was scheduled for December 6, 2017. (July 3, 2017 J.E.).

**{¶42}** While the court had not scheduled a trial date during the February 15, 2017 and April 4, 2017 conferences, appellant did not and does not appear to challenge the tolling periods.  Nor does appellant provide a challenge to the December 11, 2017 trial date.  Further, there is no transcript of these hearings and we must therefore presume the regularity of the proceedings. *Forman v. Kreps*, 7th Dist. Mahoning Nos. 13 MA 0177, 14 MA 0031, 2016-Ohio-1604, ¶ 36. Regularity means that appellant's counsel, counsel for the state, and the trial court met and agreed that the new trial date was acceptable. *See Sims*, 2018-Ohio-2916, ¶ 31.

**{¶43}** At the December 6, 2017 pretrial with all parties present, the court continued the December 11, 2017 trial date, explaining that it was involved in another trial on that date. (Dec. 11, 2017 J.E.). The court ordered that the matter be reset at the first available date. It scheduled a further pretrial hearing for January 25, 2018, a final Rule 11 hearing for April 11, 2018, and a jury trial for April 16, 2018.  (Dec. 11, 2017 J.E.).  This period also tolled as the court issued its own continuance with the parties present and explained the reasons for the continuance.  R.C. 2945.72(H).

**{¶44}** Both parties requested a continuance of the April 16, 2018 trial date, which tolled the time to the next trial date of June 8, 2018. R.C. 2945.72(H). Appellant then requested a continuance of the June 8, 2018 trial date and the trial was rescheduled to August 29, 2018. This time tolls due to appellant's request for a continuance. R.C.

2945.72(H). Appellant also requested a continuance of this trial date as well, and the matter was reset for a pretrial on October 4, 2018. (R.C. 2945.72(H)).

{¶45} The court continued the October 4, 2018 pretrial hearing as it was engaged in a jury trial at that time, which it explained and cited. R.C. 2945.72(H). The pretrial was rescheduled to October 31, 2018. This time tolled as well from the speedy trial clock. R.C. 2945.72(H).

{¶46} On November 1, 2018, the court issued a judgment entry indicating that the case was "to be made 'unavailable' due to the unavailability of the defendant." (Nov. 1, 2018 J.E.). Appellant's unavailability tolled the speedy trial time clock as well. R.C. 2945.72(A).

{¶47} On March 4, 2019, the court scheduled the case for a pretrial hearing on March 21, 2019. At the pretrial hearing, the jury trial was set for May 20, 2019.

{¶48} On May 9, 2019, however, the secret indictment against appellant was filed, which included the charges of C.P. and added charges relating to O.P. Appellant waived his speedy trial rights on May 15, 2019. The 2017 indictment was thereafter dismissed based on the 2019 indictment. Since nearly the entire time period was tolled for speedy trial purposes, appellant was tried within 270 days after his arrest.

{¶49} Accordingly, appellant's fourth assignment of error lacks merit and is overruled.

{¶50} In his third assignment of error, appellant asserts:

> **The Trial Court Erred and Abused Its Discretion When It Failed**
> **to Grant Relief from Prejudicial Joinder.**

{¶51} Appellant contends that the trial court abused its discretion when it failed to grant his motion to sever the trials of C.P. and O.P. because a jury would infer his guilt from one case to the other. He cites Crim. R. 14 as providing that even if indictments are properly joined initially under Crim. R. 8(A), a separate trial should be ordered if it appears that a defendant is prejudiced by the joinder. Appellant also cites *State v. Torres*, 66 Ohio St. 2d 340, 421 N.E.2d 1288 (1981), syllabus, which provides that it is the defendant's burden to show that joinder is prejudicial and a defendant must furnish the trial court with "sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial." (Appellant's Br. at 18, quoting *Torres*, at syllabus).

Appellant asserts that prejudice exists from joinder because the allegations were made by his two children, the girls made different allegations, one more graphic than the other, and each case presented weaknesses that a jury would not be able to analyze properly if the cases were tried together.

**{¶52}** Appellant cites *State v. Lott*, 51 Ohio St.3d 160, 163, 555 N.E.2d 293 (1990) for the two methods that the State may use to overcome a claim of prejudice. The first method is the "other acts" test, which is to determine whether the State could have introduced evidence of the other crimes under the "other acts" portion of Evid.R. R. 404(B) if the offenses are severed for trial. The other is the "joinder test," where the State is required to show that evidence of each crime joined at trial is simple and direct. *Id.* Appellant contends that the offenses charged regarding C.P. would not be admissible in a separate trial for the offenses concerning O.P. and vice-versa. He also asserts that the inflammatory nature of the charges relating to C.P. would cause a jury to infer guilt against him as to O.P. and vice-versa.

**{¶53}** Appellant also cites *State v. Frazier*, 8th Dist. Cuyahoga No. 83024, 2004-Ohio-1121, where the appellate court noted the legislature's concern over the inflammatory nature of other acts evidence in sex offense prosecutions such that it limited admissibility of a defendant's other sexual activity by statute. The court found that the testimony of one victim would not have been admissible to prove that Frazier had raped another victim. Thus, it held that "[t]he joinder of the two charges allowed the jury to hear evidence of other acts that would not have been admissible at separate trials." *Id.*

**{¶54}** Appellant relies upon our decision in *State v. Kaufman*, 187 Ohio App.3d 50, 2010-Ohio-1536, 931 N.E.2d 143 (7th Dist.). In that case, we vacated the defendant's conviction, finding that the trial court's decision to allow joinder of multiple sex offenses with different victims was prejudicial "given the inflammatory nature of the offenses, the similar victim testimony, and the fact that the State was able to use the 'joinder test' as a back door to present an 'other acts' and propensity argument." *Id.* Appellant contends that his case is similar to *Kaufman* because the trial court repeatedly denied his motion to sever trials, which was based upon the jury's inability to view each of the victims' incidents as separate and distinct. He contends that this is the only reason that he entered a no contest plea.

**{¶55}** The standard of review for a motion to sever trials is abuse of discretion. *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, 140 N.E.3d 616, citing *State v. Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151, and ¶ 166.). "Abuse of discretion" means an attitude that is "unreasonable, arbitrary, or unconscionable." *Ford*, at ¶ 106, citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985), citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Ford,* at ¶ 106, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶56}** Crim. R. 8(A) states that "[t]wo or more offenses may be charged in the same indictment * * *in a separate count for each offense if the offenses charged * * * are of the same or similar character * * *." Joinder of offenses is also allowed when the offenses "are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." *Ford,* at 103. Allowing joinder "conserves resources by avoiding duplication inherent in multiple trials and minimizes the possibility of incongruous results that can occur in successive trials before different juries." *Id.*, quoting *State v. Hamblin*, 37 Ohio St.3d 153, 158, 524 N.E.2d 476 (1988).

**{¶57}** A defendant can request severance of counts or offenses under Crim. R. 14. In order to defeat joinder and obtain severance, a defendant must show "(1) that his rights were prejudiced, (2) that at the time of the motion to sever he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial, and (3) that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial." *Ford*, ¶ 106, quoting *State v. Schaim*, 65 Ohio St.3d 51, 59, 600 N.E.2d 661 (1992). The state can overcome a claim of prejudicial joinder by showing that (1) it could have introduced evidence of the joined offenses as other acts under Evid.R. 404(B) or (2) the "evidence of each crime joined at trial is simple and direct." *Lott*, 51 Ohio St.3d at 163.

**{¶58}** In the instant case, we find that the trial court abused its discretion by denying the motion to sever. While there was no trial due to appellant's plea, he contends that he entered the plea only because of the denial on the motion to sever. Further, the

trial court held no hearing on the motion to sever, but overruled the motion based upon the parties' briefing.

{¶59} Evid.R. 404 provides in relevant part that:

(A) Character Evidence Generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, subject to the following exceptions:

(1) Character of Accused. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable.

* * *

(B) Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

{¶60} The Rape Shield Statute, R.C. 2907.02(D), in effect at the time of the filing of the motion to sever, provided in relevant part that:

Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the

defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

**{¶61}** Further, R.C. 2945.59 provides that:

In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.

**{¶62}** In *Kaufman*, this Court held that the trial court abused its discretion by denying Kaufman's motion to sever charges concerning two minor victims. 187 Ohio App.3d at ¶ 3. We held that the testimony of each victim would not have been permissible under Evid.R. 404(B) and the offenses against each victim "were too similar and inflammatory to realistically avoid fostering the erroneous belief that the distinct offense corroborated one another." *Id.* We noted that although the State had argued that joinder was appropriate under the other-acts test, the trial court did not state this as a reason to deny the motion to sever on the record or in its judgment entry.

**{¶63}** We reviewed Evid.R. 404(B) and R.C. 2945.59 and held that only a few circumstances regarding sexual activity would be admissible in a separate case. *Id.* at ¶ 174. The first was if one victim's evidence was necessary to explain the other victim's allegations or to establish background. *Id.* at ¶ 176. The second was if the perpetrator's identity was at issue. *Id.* at ¶ 177. We held that other acts evidence would not be admissible because none of the evidence pertaining to the victims was necessary for the other's case by way of background or allegations, and identity was not a factor. *Id.*

**{¶64}** We then looked to the simple and distinct joinder test, and found that it first appeared that joinder was proper because the offenses occurred at different times, in

different places, and against different victims, with each victim offering individual testimony that did not overlap or contradict the other. *Id.* at ¶ 184. However, we held that while the testimony may not be complex or confusing to the jury, "[t]he risk of the jury erroneously using one victim's evidence to corroborate the other victim's testimony is not only possible through the confusion of facts, but also through mistakenly presuming that the numerous similarities between unrelated offenses make it more likely that the offenses occurred." *Id.* at ¶ 185. We relied on the Ohio Supreme Court's holding in *Schaim* that the defendant was prejudiced by joinder of sexual offenses, "[g]iven the highly inflammatory nature of the offenses, the similarities between portions of [the victims'] testimony, and the fact that joinder allowed the state to circumvent the prohibition on other acts testimony." *Id.* at ¶ 186, quoting *Schaim*, 65 Ohio St.3d at 62-63.

{¶65} We find the same risk present in the instant case. Appellant's defense is that he did not commit any of the offenses. Identity is not an issue and appellant does not allege mistake or accident. Accordingly, Evid.R. 404(B) would not permit the offenses alleged by one of the victims to be admitted against appellant in the other's trial if they were separated. While appellee asserts that the evidence as to each crime against each victim is simple and direct, we are not so convinced. The indictment alleges overlapping dates as to some of the counts as to each victim. This may create confusion and infer guilt as to one victim to the other. This possibility, along with the inflammatory nature of the sexual offenses alleged, adds to the prejudice if the counts are not severed. In addition, the trial court provided no reasons for denying the motion to sever. (Feb. 28, 2020 J.E.). We therefore find that the trial court abused its discretion by denying the motion to sever.

{¶66} Accordingly, appellant's third assignment of error is with merit and is sustained.

{¶67} Appellant's first assignment of error states:

**The Trial Court Erred, Abusing its Discretion in Failing to Permit Appellant to Vacate His Pleas and in Failing to Conduct a Hearing on the Motion to Vacate.**

{¶68} Appellant's second assignment of error states:

**The Appellant's Plea was Not Knowing and Voluntary as the Trial Court Failed to Apprise Him Fully of the Effect of His No Contest Pleas.**

**{¶69}** Appellant's fifth assignment of error states:

**Appellant's Convictions and Sentences Are in Violation of the State and Federal Constitutions Because Appellant Was Denied the Effective Assistance of Counsel When Counsel Failed to File a Pretrial Motion to Dismiss the Indictment on Speedy trial Grounds and Failed to Seek an Evidentiary Hearing on the Motion to Withdraw The Guilty Plea in Violation of U.S. Const. amend. VI and XIV; Ohio Const., art.I, §§1, 10, and 16.**

**{¶70}** Since we have found merit to appellant's third assignment of error, appellant's assignments of error numbers 1, 2, and 5 are hereby rendered moot.

**{¶71}** Based upon the above, we reverse and vacate the trial court's judgment, and remand the case for the trial court to grant appellant's motion to sever.

Robb, J., concurs.

D'Apolito, J., concurs.

Case No. 21 MA 0073

---

For the reasons stated in the Opinion rendered herein, appellant's fourth assignment of error is overruled. Appellant's first, second, and fifth assignments of error are rendered moot. Appellant's third assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed and vacated. We hereby remand this matter to the trial court to grant appellant's motion to sever and for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**